■ DAVID H. BRODY, Appellant, v. SAVE WAY NORTHERN BOULEVARD, INC., Respondent, et al., Defendants.— In an action by the operator of a gasoline service station against his competitor, the defendant Save Way Northern Boulevard, Inc., and others, to recover damages resulting from their unfair competition, consisting in part of the display by the defendant Save Way corporation of a sign more than 12 inches high and 12 inches wide bearing the legend: "Save Way, Save 5¢ per Gal.", etc., thereby referring directly or indirectly to the price of gasoline sold, in violation of section B36–103.0 of the Administrative Code of the City of New York (*People* v. *Save Way Northern Blvd.,* 10 N Y 2d 727), the plaintiff appeals: (1) from an order of the Supreme Court, Queens County, dated November 16, 1962 (see 37 Misc 2d 240), which granted said defendant's motion for summary judgment in its favor, pursuant to rule 113 of the Rules of Civil Practice; and (2) from the judgment entered November 27, 1962 upon said order, dismissing the complaint and severing the action as against it. Order reversed, with $10 costs and disbursements; motion denied; and judgment vacated. In our opinion, the complaint sufficiently states a cause

of action to recover damages for unfair competition (*Featherstone* v. *Independent Serv. Station Assn.*, 10 S. W. 2d 124 ['Tex.]; *Glover* v. *Malloska*, 238 Mich. 216; 87 C. J. S. Trade Marks, § 13, p. 245; 1 Callman, Unfair Competition and Trade Marks [2d ed.], § 8.4, p. 141); and the record presents triable issues of fact which preclude summary judgment. Ughetta, Brennan and Hill, JJ., concur; Beldock, P. J., and Hopkins, J., dissent and vote to affirm the order and judgment, with the following memorandum: Plaintiff, an owner of a gasoline filling station, sues the defendant, the competing owner of a gasoline filling station a block away, and others, to recover damages for loss of business and profits. Plaintiff's complaint rests on the theory of unfair competition arising out of violations of sections B36–103.0 and B36–104.0 of the Administrative Code of the City of New York, which regulate the size and content of signs advertising gasoline and the sale of gasoline under a name or mark other than that of the manufacturer or distributor. Absent the ordinance, the action would not lie. An action for unfair competition may ordinarily be brought by a competitor only where goods are "palmed off" for those of the competitor (*Neva-Wet Corp.* v. *Never Wet Processing Corp.*, 277 N. Y. 163, 168); or where there has occurred a misappropriation of the results of the skill, expenditures and labor of the competitor (*Electrolux Corp.* v. *Val-Worth, Inc.*, 6 N Y 2d 556, 567). Though one eminent authority has declared that false advertising should be grounds for a suit by a competitor, he also concedes that so far it has been recognized as a tort against the customer only, and not against the competitor (*Callmann, False Advertising as a Competitive Tort*, 48 Col. L. Rev. 876; see *American Washboard Co.* v. *Saginaw Mfg. Co.*, 103 F. 281; cf. the *caveat* in 4 Restatement, Torts, § 761, comment b, p. 33). Nor would sale of gasoline by a retailer under a name or mark other than that of the manufacturer, with the latter's consent, give rise to a suit on behalf of a competitor (cf. *Mastro Plastics Corp.* v. *Emenee Ind.*, 16 A D 2d 420, affd. 12 N Y 2d 826). We are left, then, with the effect of the ordinance. Generally, whether a statute or ordinance creates a new liability depends upon a finding that "the disregard of a duty imposed for the special benefit of a particular group or class of persons" (*Beauchamp* v. *New York City Housing Auth.*, 12 N Y 2d 400, 406). The ordinance here confers no express right of action on a person damaged by a violation. This is in contrast to those statutes in the zone of trade regulation which grant that right (see General Business Law, § 369-b; cf. *Port Chester Wine & Liq. Shop* v. *Miller Bros. Fruiterers*, 281 N. Y. 101 [Fair Trade Law]; General Business Law, § 397; see, also, *Chamberlain* v. *Columbia Pictures Corp.*, 186 F. 2d 923; *L'Aiglon Apparel* v. *Lana Lobell, Inc.*, 214 F. 2d 649; [Lanham Act]). Though it has been said that an action for unfair competition by a competitor should be allowed for any violation of the rules of competition (1 Callmann, Unfair Competition and Trademarks [2d ed.], § 8.4, p. 141), it is the opinion of Professor Chafee that the policing of competitors is better performed by the prosecuting attorney or by an administrative agency (Chafee, Unfair Competition, 53 Harv. L. Rev. 1289, 1320). The risk of nonconformity is especially present in the case of ordinances, where the regulations affecting trade practices will vary from municipality to municipality, even though under modern conditions a competitor may transact business over a wide area (cf. Thayer, Public Wrong and Private Action, 27 Harv. L. Rev. 317, 320–321; Morris, The Role of Criminal Statutes in Negligence Actions, 49 Col. L. Rev. 21, 27). Apart from these considerations, it appears that the manifest intent of the present ordinance is to protect the buying public from fraud in the retail sale of gasoline (*People* v. *Arlen Serv. Stations*, 284 N. Y. 340; cf. *Abounader* v. *Strohmeyer & Arpe Co.*, 243 N. Y. 458, 466). The plaintiff, accordingly, has no right of action as a competitor, unless we are ready to hold

716

that every violation of a penal statute or ordinance relating to the conduct of a business invests every competitor of the violator with a claim against him for the damages thus sustained. Both as a matter of the intent of the ordinance, and on the ground of public policy, we are not required to reach that conclusion in this case. The order granting summary judgment and the judgment dismissing the complaint and severing the action as to the defendant Save Way should be affirmed.