■ MIKE STOGANOVIC et al., Appellants, v PAT V. DINOLFO, Respondent. — Order unanimously affirmed, without costs. Memorandum: Plaintiffs, contract athletes who formerly played soccer for a now defunct team known as the Rochester Lancers which was owned by a corporation, Blue and Gold Ltd., commenced this action for unpaid wages under sections 198-a and 198-c of the Labor Law against defendant, the president of the corporation. Special Term granted the motion to dismiss the complaint for failure to state a cause of action. We agree. Article 6 of the Labor Law (§ 190 *et seq.*) provides the means by which employees may statutorily compel employers to pay wages and other benefits rightfully owing (see Labor Law, §§ 197, 198). Section 198-a, entitled "Criminal penalties", provides: "Every employer who does not pay the wages of all of his employees * * * and the officers and agents of any corporation who knowingly permit the corporation to violate this chapter * * * are guilty of a misdemeanor, and upon conviction therefor, shall be fined not less than one hundred nor more than ten thousand dollars or imprisoned for not more than one year" or both. Section 198-c of the Labor Law, dealing with the payment of benefits or wage supplements, is to the same effect. We agree with defendant that the complaint should be dismissed. We find nothing in section 198-a of the Labor Law, which provides only for penal sanctions against officers and agents of corporations, suggesting that the Legislature intended that the section

should impose civil liability as well. Whether a private right of action should be implied from a statute which on its face provides only for penal sanctions (see, e.g., *Case Co. v Borak,* 377 US 426; *Trimarco v Klein,* 56 NY2d 98, 108; *General Teleradio v Manuti,* 284 App Div 400) depends upon the intent of the statute (see *Cort v Ash,* 422 US 66, 78; *Brody v Save Way Northern Blvd.,* 14 NY2d 576, revg on dissenting opn at 19 AD2d 714). We note that section 197 of the Labor Law (providing for a civil penalty against any employer who fails to pay the wages of his employees) and section 198 of the Labor Law (empowering a court to allow an extra sum in addition to ordinary costs and reasonable attorney's fees in a civil action by an employee against an employer for the recovery of wages) do not refer to civil actions for the recovery of wages against officers or agents of corporations. The logical inference from this omission is that the Legislature did not intend that a civil action against officers and agents of corporations for the recovery of wages should be implied under section 198-a of the Labor Law (see McKinney's Cons Laws of NY, Book 1, Statutes, § 240, "Expression of one thing as excluding others"). There are indications elsewhere that the Legislature could not have intended that section 198-a of the Labor Law give rise to a civil right of action against corporate officers and agents. The Legislature has adopted section 630 of the Business Corporation Law which makes the top 10 shareholders of a corporation, providing its shares are not publicly traded, personally liable for the wages of the corporation's employees, other than contractors. Corporate officers, who are elected or appointed by either the shareholders or board of directors (Business Corporation Law, § 715, subds [a], [b]) and are thus, in a sense, also employees of the corporation, have been made subject to criminal liability when they knowingly permit the corporation to fail to pay wages (see *People v Trapp,* 20 NY2d 613). This statutory scheme, creating civil liability for shareholders and criminal responsibility for officers, has already been criticized as unduly harsh in comparison with other jurisdictions (see Henn, Law of Corporations [2d ed], §§ 202, 230, pp 404-405, 448-449). While the Legislature has chosen to subject corporate officers to criminal sanctions in certain instances, the penalty is limited to a $10,000 fine and one year in jail (see Labor Law, § 198-a). Were we to hold corporate officers personally liable for the unpaid wages of corporate employees, the officers could have unlimited liability. We cannot say that the Legislature intended this result, and thus we decline to imply a civil cause of action based on the Labor Law. We are aware of cases to the contrary (*Excavators Union Local 731 Welfare Fund v Zurmuhlen,* 68 AD2d 816; *Johnson v Clay Partition Co.,* 93 Misc 2d 414, affd 65 AD2d 737; *Courtney v Brooklyn & Queens Allied Oil Burner Corp.,* 112 Misc 2d 89; *Sasso v Millbook Enterprises,* 108 Misc 2d 562; *Goldstein v Mangano,* 99 Misc 2d 523), but we decline to follow them. If corporate officers are to have personal liability for unpaid wages, this is a decision the Legislature must make. In view of the foregoing, we need not reach defendant's argument that plaintiffs, as athletes performing services under personal contracts, do not fall within the intendment of the Labor Law provisions as employees. (Appeal from order of Supreme Court, Monroe County, Mastrella, J. — dismiss complaint.) Present — Hancock, Jr., J. P., Callahan, Doerr, Boomer and Schnepp, JJ.