(August 19, 1985)

■ EDWARD F. BALINT, Respondent, v MARINE MIDLAND BANK, N. A., Appellant. (And a Third-Party Title.)—In an action to recover damages, *inter alia,* for breach of contract, defendant appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered October 16, 1984, which granted plaintiff's motion to vacate his default in the service of a timely reply to defendant's counterclaim and to permit the late service thereof.

Order affirmed, without costs or disbursements. Plaintiff's time to serve his reply is extended until 20 days after the service upon him of a copy of the order to be made hereon, with notice of entry.

On February 15, 1984, defendant served upon the plaintiff an answer containing a counterclaim. Thereafter, in July of 1984, plaintiff served a reply to the counterclaim, which was promptly rejected by the defendant as untimely. On or about September 17, 1984, plaintiff moved for leave to open his default in the service of a reply, and on October 16, 1984, his motion was granted. This appeal followed.

The record reflects that the failure to serve a timely reply was attributable, at least in part, to law office failure. The papers submitted by the plaintiff in support of his motion demonstrate the existence of a meritorious defense to the counterclaim, as well as the absence of any apparent intent to abandon the action. In addition, there is a lack of substantial prejudice to the defendant.

In view of the strong public policy in favor of resolving cases on their merits, it was not an abuse of discretion for Special Term to have granted the plaintiff's motion (CPLR 2005; *Heffney v Brookdale Hosp. Center,* 102 AD2d 842). Thompson, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.