■ P & L GROUP, INC., Appellant, v ABRAHAM GARFINKEL et al., Respondents.—In an action, *inter alia,* to enjoin an alleged breach of the restrictive covenants contained in the defendants' employment agreements with the plaintiff, the plaintiff appeals (1) from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Christ, J.), entered September 1, 1988, as upon granting the defendants' motion for leave to enter a default judgment on their counterclaims, awarded the defendants' judgment on their respective counterclaims including attorney's fees, and (2) from so much of an order of the same court, dated October 26, 1988, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order and judgment (one paper) is dismissed, without costs or disbursements, as the order and judgment was superseded by the order dated October 26, 1988, made upon reargument; and it is further,

Ordered that the order dated October 26, 1988, is modified by deleting the provision thereof which adhered to the original determination with respect to attorney's fees and substituting therefor a provision granting the plaintiff's application for a hearing with regard to attorney's fees; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a hearing on attorney's fees; and it is further,

Ordered that the order and judgment is amended accordingly.

CPLR 3011 provides that "[t]here shall be a reply to a counterclaim denominated as such". The plaintiff, having failed to serve a reply to the counterclaims asserted by the defendants, defaulted *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3011:9, at 568). Although there is a strong public policy in favor of resolving cases on their merits *(see, Balint v Marine Midland Bank,* 112 AD2d 1023), where the moving party fails to satisfy the two-prong burden of showing a meritorious defense and a reasonable excuse for the default, it will not be vacated *(see, Barasch*

*v Micucci,* 49 NY2d 594; *Eisenstein v Rose,* 135 AD2d 369, 370). The plaintiff failed to offer a plausible excuse for its failure to reply; nor does it have a meritorious defense to the counterclaims. Labor Law § 193 provides in part:

"1. No employer shall make any deduction from the wages of an employee, except deductions which:

"a. are made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency; or

"b. are expressly authorized in writing by the employee and are for the benefit of the employee * * *. Such authorized deductions shall be limited to payments for insurance premiums, pension or health and welfare benefits, contributions to charitable organizations, payments for United States bonds, payments for dues or assessments to a labor organization, and similar payments for the benefit of the employee".

The plaintiff does not deny that the defendants earned the claimed commissions, but argues that the defendants are in material breach of covenants not to compete contained in the employment agreements and that those commissions are "inextricably intertwined" with the allegations set forth in the complaint. We reject the plaintiff's argument. Unless authorized by law or by consent, an employer is not permitted the self-help remedy of withholding employees' compensation. Labor Law §§ 197 and 198 reflect a strong legislative policy aimed at protecting an employee's right to wages earned. "The importance of this policy is underlined by the Legislature's decision to make its violation a misdemeanor punishable by a fine, jail, or both" *(Saunders v Big Bros.,* 115 Misc 2d 845, 848). Therefore, the defendants are entitled to their commissions and the court properly refused to vacate the default.

It is also apparent on this record that the plaintiff knowingly, deliberately and voluntarily disregarded its obligation under the Labor Law to pay the employees' commissions and, thus, the failure to pay the wages was "willful". Therefore, the award of liquidated damages was proper *(see,* Labor Law § 198).

However, the court erred in awarding the defendants $7,500 in counsel fees as demanded in their counterclaims numbered "fifth", "tenth" and "twelfth". We note that the defendants' attorneys are also representing them in connection with the plaintiff's action against them. Under Labor Law § 198 (1) and (1-a), the defendants are only entitled to recover reasonable attorney's fees incurred in the prosecution of the counter-

claims. Therefore, a hearing where proof is taken regarding the reasonable value of attorney's fees on the matters relating solely to the counterclaims is required. Mollen, P. J., Mangano, Kooper and Spatt, JJ., concur.