■ GARY A. BERNARDO, Respondent, v USAIR GROUP, INC., Individually and as Successor to PIEDMONT AIRLINES, INC., Appellant.—Order unanimously reversed on the law without costs and motion granted. Memorandum: The court abused its discretion in denying defendant's motion to vacate the default judgment entered in favor of plaintiff. Defendant demonstrated a reasonable excuse for the default, namely, the loss of the litigation file on the day the summons was received by

defendant's in-house legal department *(cf., Tiger v Town of Bolton,* 150 AD2d 889 [holding that defendant's loss of summons in mailing it to insurer constitutes reasonable excuse]). There is no indication that defendant intended to abandon the action, the period of delay was relatively short, defendant promptly moved to vacate the default judgment, and plaintiff will not be prejudiced by vacating the default *(Mulder v Rockland Armor & Metal Corp.,* 140 AD2d 315, 316; *Balint v Marine Midland Bank,* 112 AD2d 1023; *Klenk v Kent,* 103 AD2d 1002, *appeal dismissed* 63 NY2d 953). Defendant also established a meritorious defense, viz., that plaintiff's dismissals were for good cause. We note, in any event, that New York generally does not recognize a cause of action for wrongful termination of employment *(see generally, Murphy v American Home Prods. Corp.,* 58 NY2d 293). In these circumstances, the dispute should be resolved on the merits. (Appeal from Order of Supreme Court, Erie County, McGowan, J.—Vacate Default Judgment.) Present—Dillon, P. J., Callahan, Denman, Green and Lowery, JJ.