■ WING WONG et al., Appellants, v KING SUN YEE et al., Respondents, et al., Defendant. [693 NYS2d 536] —Orders (two papers), Supreme Court, New York County (Ira Gammerman,

J.), entered on or about February 18, 1998, which, *inter alia*, granted defendants' motions for summary judgment dismissing the complaint, unanimously modified, on the law, to reinstate plaintiffs' second and third causes of action as against defendants Paul Mok and King Sun Yee, and otherwise affirmed, without costs.

Plaintiffs obtained a judgment in the amount of $1,350,143.40 against their former employer, a restaurant corporation, for wrongfully withheld and unpaid wages. After the execution upon the judgment, served upon the sheriff, was returned to plaintiffs unsatisfied, plaintiffs commenced this action in which they seek, pursuant to Business Corporation Law § 630, to enforce their judgment against persons alleged to have been the corporate judgment debtor's individual shareholders. Plaintiffs' Business Corporation Law § 630 claims were, however, properly dismissed by the motion court since they were not interposed within 90 days of the return of the unsatisfied execution in accordance with the requirement of Business Corporation Law § 630 (a). Where, as here, "a statute both 'creates a cause of action and attaches a time limit to its commencement, the time is an ingredient of the cause' (*Romano v Romano*, [19 NY2d 444, 447]) * * * [and] 'the limitation of time is so incorporated with the remedy given as to make it an integral part of it and the condition precedent to the maintenance of the action at all' (*Hill v Board of Supervisors*, [119 NY 344, 347])" (*Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp.*, 93 NY2d 375, 379). Given plaintiffs' failure to satisfy the aforesaid condition precedent to the maintenance of their Business Corporation Law § 630 claims, those claims are definitively barred and, accordingly, may not be saved through application of CPLR 205 (a) or CPLR former 306-b (*see, supra*, at 379).

Notwithstanding our affirmance of the dismissal of plaintiffs' Business Corporation Law § 630 claims, we disagree with the motion court's dismissal of plaintiff's second and third causes of action, alleging New York State Labor Law violations, as against defendants Yee and Paul Mok. The affidavit of plaintiff William Wong suffices to raise an issue of fact as to whether those defendants may be held liable for the alleged violations as employers within the definition of Labor Law § 190 (3). Concur—Nardelli, J. P., Williams, Lerner and Friedman, JJ.