MASSACHUSETTS ASSET FINANCING CORP., Appellant, v JEAN M. ZAWATSKI DiLAURA et al., Respondents. [750 NYS2d 419] —Appeal from so much of an order of Supreme Court, Niagara County (Fricano, J.), entered October 11, 2001, that granted that part of defendants' motion seeking to vacate the default judgment against defendant Vincent Joseph DiLaura.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Pursuant to CPLR 3213, plaintiff commenced this action by motion for summary judgment in lieu of complaint, seeking to hold defendants liable on a promissory note executed by defendant Jean M. Zawatski DiLaura and/or a default judgment obtained by plaintiff against her in Massachusetts. Defendants initially failed to answer or otherwise appear in this action, and plaintiff obtained a default judgment against them in the amount of $384,923.33. We conclude that Supreme Court properly granted that part of the motion of defendants seeking to vacate the default judgment entered against defendant Vincent Joseph DiLaura (DiLaura). DiLaura demonstrated a reasonable excuse for his default and a meritorious defense to the action (*see Di Lorenzo, Inc. v Dutton Lbr. Co.,* 67 NY2d 138, 141; *see also Yacone v Ryan Homes,* 216 AD2d 963; *Bernardo v USAir Group,* 175 AD2d 642; *Price v Polisner,* 172 AD2d 422, 422-423). "Given the brief overall delay, the promptness with which defendant[s] moved to vacate the judgment, the lack of any intention on [DiLaura's] part to abandon the action, plaintiff's failure to demonstrate any prejudice attributable to the delay, and the preference for resolv-

ing disputes on the merits, we conclude that [DiLaura's brief] default in appearing [was properly] excused" (*Mayville v Wal-Mart Stores,* 273 AD2d 944, 945; *see Cerrone v Fasulo,* 245 AD2d 793, 794; *Dwyer v West Bradford Corp.,* 188 AD2d 813, 815; *Zablocki v Straley,* 173 AD2d 1015, 1016). Present—Pine, J.P., Hayes, Scudder, Kehoe and Lawton, JJ.