**CHU CHUNG, et al., Plaintiffs,**

v.

**The NEW SILVER PALACE RESTAURANT, INC., et al., Defendants.**

**No. 00 Civ. 7353(AKH).**

United States District Court, S.D. New York.

July 14, 2003.

**MEMORANDUM AND ORDER**

HELLERSTEIN, District Judge.

Plaintiffs were employees of the New Silver Palace Restaurant (the "Restaurant") before it became bankrupt and closed. Earlier, they had been employees of the original Silver Palace Restaurant, a predecessor restaurant which, after a bankruptcy reorganization, had become the New Silver Palace Restaurant. Both Silver Palace restaurants had been involved in considerable litigation with their workers, before the National Labor Relations Board, the New York Supreme Court, and before me. My decision, granting summary judgment to restaurant workers against certain of the individual owner-defendants for illegal sharing of tips, describes this litigation history. *See Chu Chung v. New Silver Palace Rest.,* 246 F.Supp.2d 220 (S.D.N.Y.2002).

The continuing litigation against the remaining defendants settled at the outset of trial, after I had denied motions for summary judgment by those defendants. I write to elaborate on one aspect of my rulings, in order to explain my reasoning and to add to the sparse jurisprudence under sections 196–d and 198–b of the New York Labor Law. The issue is whether, pursuant to these sections, aggrieved workers have a private right of action to seek recovery against those owners who may be considered "employers" under section 190 of the Labor Law.[1]

Plaintiffs sued under the Fair Labor Standards Act, 29 U.S.C. § 203(m), §§ 206–207, § 215, and the New York Labor Law. Their claim that is relevant to this opinion arises from allegations in their Second Amended Complaint that the tip-sharing policies enforced within the Res-

**1.** Section 190 defines "employer" as "any person, corporation or association employing any individual in any occupation, industry, trade, business or service." Under section 190, certain officers of a corporation may also be "employers." *See infra* note 6.

taurant, requiring waiters and busboys to share tips with management, constituted an underpayment of wages and failure to pay overtime and spread-of-hours required by law. Plaintiffs contended, in addition, that the taking of their tips constituted conversions and illegal kickbacks, and violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), and, for those employees who had been terminated or not hired after complaining about this practice, illegal retaliation.

Section 196–d of the New York Labor Law prohibits employers from sharing in employees' tips, directly or through agents or officers.[2] Section 198–b of the New York Labor Law prohibits "any person" from demanding or receiving kickbacks of "an agreed rate of wages" as a condition of procuring or retaining employment.[3] The issue posed by defendants' motion, among others, is whether, under these sections, aggrieved employees have a private right of action.[4]

■ There are no cases that directly deal with the question whether § 196–d or § 198–b give rise to a private right of action. Instead, many of the cases based on § 196–d simply assume that a private right of action exists. *See Ayres v. 127*

*Restaurant Corp.*, 12 F.Supp.2d 305 (S.D.N.Y.1998); *King v. Friend of a Farmer, Corp.*, No. 97 CV 9264, 2001 WL 849460 (S.D.N.Y. July 25, 2001). My 2002 decision in the instant case proceeded under such an assumption. *See Chu Chung*, 246 F.Supp.2d 220. There are cases that deal with different provisions of Article VI, such as § 198–a or § 198–c, *see Stoganovic v. Dinolfo*, 92 A.D.2d 729, 461 N.Y.S.2d 121 (4th Dep't 1983), but do so narrowly, without looking at other provisions of Article VI of the New York Labor Law. I therefore believe that it would be useful to present this brief elaboration of my oral ruling in favor of a right of action.

■ Under *Cort v. Ash*, a private right of action may be implied where (1) plaintiffs are within the class for whose especial benefit a statute was enacted; (2) there is indication of a legislative intent, explicit or implicit, to create a remedy for the plaintiffs; and (3) implying a remedy is consistent with the underlying purposes of the legislative scheme. 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). These considerations apply as well to New York statutes. *See Burns Jackson Miller Summit & Spitzer v. Lindner*, 59 N.Y.2d 314, 464 N.Y.S.2d 712, 451 N.E.2d 459, 463 (N.Y.1983); *Watson v. City of New York*, 92 F.3d 31, 36–37 (2d Cir.1996).

**2.** Section 196–d provides: "No employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

**3.** Section 198–b provides:

Whenever any employee who is engaged to perform labor shall be promised an agreed rate of wages for his or her services ... it shall be unlawful for any person, either for that person or any other person, to request, demand, or receive ... a return, donation or contribution of any part of all of said employee's wages ... upon the statement,

representation, or understanding that failure to comply with such request or demand will prevent such employee from procuring or retaining employment.

The section defines "person" to "include any firm, partnership, association, corporation or group of persons." "Employee" is defined as "any person employed for hire by an employer in any employment."

**4.** Defendants also argued that plaintiffs' claims were preempted by the NLRA; that plaintiffs' had not been promised an agreed wage; that legal title to tips was not a proper subject of a claim for conversion; that plaintiffs' could not make out a claim under the anti-retaliation provision of the FLSA; and that the RICO claims were flawed.

■ The New York Labor law was enacted to protect employees, and to remedy the imbalance of power between employers and employees. *See Saunders v. Big Bros., Inc.,* 115 Misc.2d 845, 848, 454 N.Y.S.2d 787 (1982). Plaintiffs, who are employees of the New Silver Palace Restaurant and former employees of the original Silver Palace Restaurant, are within the class for whose benefit the statute was enacted.

The remedies provided by Article VI also suggest a legislative intention in favor of a civil remedy against employers. Section 198, which provides for costs and remedies available for substantive violations of Article VI, cannot be understood except in connection with such private remedies. *See Gottlieb v. Kenneth D. Laub & Co.,* 82 N.Y.2d 457, 464, 605 N.Y.S.2d 213, 626 N.E.2d 29 (1993) (noting that § 198 was intended "to afford procedural rules, including costs and cost-related remedies, to apply in actions brought for wage claims created under the substantive provisions of Labor Law article 6"). Thus, section 198(1) provides that employees may recover their expenses where they sue upon a wage claim. ("In any action instituted upon a wage claim by an employee or the commissioner in which the employee prevails, the court may allow such employee ... expenses.") Section 198(1–a) provides that employees may recover their reasonable attorneys' fees where they bring such a suit. ("In any action instituted upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow such employee reasonable attorney's fees....") And section § 198(3) provides a six-year statute of limitations for such suits. ("All employees shall have the right to recover full wages, benefits and wage supplements accrued during the six years previous to the commencing of such action, whether such action is instituted by the employee or by the commissioner.") Thus section 198 assumes that employees have the ability to institute actions pursuant to the provisions of Article VI. Moreover, section 198 recognizes that several different remedies are available under the statute and allows that the "remedies provided by [Article VI] may be enforced simultaneously or consecutively so far as not inconsistent with each other." N.Y. Labor Law § 198(2).

Finally, the New York Labor Law reflects "a strong legislative policy aimed at redressing the power imbalance between employer and employee." *Saunders,* 115 Misc.2d at 848, 454 N.Y.S.2d 787; *see P & L Group, Inc. v. Garfinkel,* 150 A.D.2d 663, 664, 541 N.Y.S.2d 535 (2d Dep't 1989) ("Labor Law §§ 197 and 198 reflect a strong legislative policy aimed at protecting an employee's right to wages earned."). Implying a right of action under Article VI would therefore comport with the purposes and policies underlying the Labor Law.

■ Since the plaintiffs here are within the class for whose especial benefit the statute was enacted, there is an indication of legislative intent to allow employees a private right of action against their employers, and implying such a remedy for the plaintiffs is consistent with the underlying purposes of the legislative scheme, it is appropriate to recognize a private right of action under the provisions of Article VI. This is certainly the case for § 196–d, which prohibits tip-sharing, and I believe, too, for § 198–b, although it is a criminal provision. Despite the fact that federal courts are hesitant, in the absence of any guidance from state courts, to imply private rights of action from state criminal statutes, *Watson,* 92 F.3d at 36, since all of the elements of *Cort v. Ash* are met here, implying a private right of action to allow civil enforcement of the anti-kickback provision comports with the legislative scheme and is altogether appropriate.

Defendants maintain, however, that the Appellate Division's decision in *Stoganovic v. Dinolfo*, 92 A.D.2d 729, 461 N.Y.S.2d 121 (4th Dep't 1983), bars private rights of action for claims brought pursuant to Article VI of the New York Labor Law. Defendants' reading of *Stoganovic* is too broad.

In *Stoganovic*, plaintiffs were contract athletes who had played soccer for the Rochester Lancers. They sued the President of the corporation that owned the team for unpaid wages, under sections 198-a and 198-c of the New York Labor Law. The issue was whether a corporate officer could be sued for wages.

Sections 198-a and 198-c provide that employers failing to pay wages, and officers and agents who knowingly permit such violations, are guilty of misdemeanors.[5] The Appellate Division held that these sections could not be read to imply a private right of action against corporate officers and agents. The legislative intent as to who could be sued was expressed in section 630 of the Business Corporation Law, which provided that the top ten shareholders of a privately held corporation were personally liable for the wages of the corporation's employees. That provision would be emasculated if the court were to hold that corporate officers and agents, who may or may not be among the

corporation's top ten shareholders, should also be liable. Accordingly, the Appellate Division held that no private right of action was to be implied against the president of the owning corporation. The Court also noted, in dicta, that if it were to hold corporate officers personally liable for the unpaid wages of corporate employees, the officers could have unlimited liability. *Id* at 123; *see also Patrowich v. Chemical Bank*, 63 N.Y.2d 541, 483 N.Y.S.2d 659, 473 N.E.2d 11, 13 (1984).

*Stoganovic* does not affect the issue whether employers may be sued for violations of Article VI. In the instant case, plaintiffs bring suit against defendants, not as corporate officers or shareholders, but as employers. The difference is dispositive. Plaintiffs, in order to bring an action under § 196-d or § 198-b of Article VI, must show that the defendant being sued is not merely a corporate officer or shareholder, but an employer. In order to show that a defendant is an employer, plaintiffs would have to prove that the factors set forth in *Herman v. RSR Security Services., Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999), exist as to each defendant, that is, that the particular defendant had the power to hire and fire employees, that he supervised and controlled the conditions of employment, that he determined rates and methods of payment, and the like.[6] Allow-

---

5. Section 198-a provides:

   Every employer who does not pay the wages of all of his employees in accordance with the provisions of this chapter, and the officers and agents of any corporation who knowingly permit the corporation to violate this chapter by failing to pay the wages of any of its employees in accordance with the provisions thereof, shall be guilty of a misdemeanor.

   Section 198-c provides:

   In addition to any other penalty or punishment otherwise prescribed by law, any employer who is a party to an agreement to pay or provide benefits or wage supplements to employees ... for the benefit of

employees and who fails, neglects or refuses to pay the amount or amounts necessary to provide such benefits or furnish such supplements within thirty days after such payments are required to be made, shall be guilty of a misdemeanor.

6. Section 190 of N.Y. Labor Law defines "employer" as "any person, corporation or association employing any individual in any occupation, industry, trade, business or service." Most courts agree that the test for determining whether an entity or person is an "employer" under New York Labor Law is the same as the test set forth in *Herman* for analyzing employer status under the Fair Labor Standards Act. *See Lopez v. Silverman*, 14

ing a private right of action against an employer, then, would not betray the reasoning behind *Stoganovic*, as there is an extra burden on the plaintiffs to show that a corporate officer or shareholder is also an employer before a plaintiff would have any right of action against him. Permitting a right of action against employers, but not against corporate officers whose duties did not make them employers, ensures that the purposes underlying the Labor Law will be carried out; the conditions of limited liability provided by the Business Corporation Law are not directly implicated.

This differentiation between suits against shareholders or officers on the one hand, and against employers on the other has been recognized by the Appellate Division. In *Wong v. Yee*, 262 A.D.2d 254, 693 N.Y.S.2d 536 (1st Dep't 1999), the Court distinguished suits against shareholders from suits against employers, holding that plaintiff could not proceed against shareholders of a company pursuant to BCL § 630, but overturning the trial court's dismissal of plaintiff's cause of action under New York Labor Law, since there was an issue of fact as to whether defendants, who were shareholders of the company, could be held liable for their violations as employers. The decision suggests that as long as defendants are also employers within the definition of N.Y. Labor Law § 190, they can be sued.[7]

As such, while defendants may not be suable as officers of the corporation under § 196–d or § 198–b of Article VI, they are suable under those provisions as employers. Accordingly, I denied defendants' motion for summary judgment.

---

F.Supp.2d 405, 411 n. 4 (S.D.N.Y.1998). Under *Herman*, in order to determine whether a person has acted as an employer, the Court will look at whether the alleged employer (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records. 172 F.3d at 139.

7. As I pointed out at argument, *Akwei v. The Port Authority of New York and New Jersey*, No. 102555/97, 1998 WL 1099490, at \*2 (N.Y.Sup. April 7, 1998), which held, without much analysis, that the Court's reasoning in *Stoganovic* barred a private right of action against an employer, was decided before the Appellate Division decided *Wong v. Yee*, and by a lower court.