Christine McDermott LAURIA, Mark Ryan, Kenneth Woodhall, Stephanie A. Resch, Paul C. Impagliazzo, Peter Impagliazzo, Neil J. Surgenor, Steve Voulgaris, Richard Holmes, Robert Finn, and Bryan Ray, Plaintiffs,

v.

Mitchell L. HEFFERNAN and James E. Pedrick, Defendants.

No. 07–CV–2709 (ADS)(MLO).

United States District Court,
E.D. New York.

April 17, 2009.

Neil H. Greenberg & Associates, P.C., by Neil H. Greenberg, Esq., of Counsel, Westbury, NY, for Plaintiffs.

Knucles & Komosinski, P.C. by Kenneth Flickinger, Esq., Mark Knucles, Esq., of Counsel, Tarrytown, NY, Pozzuolo & Perkiss, P.C., by Judith P. Rodden, Esq., of Counsel, Law Offices of Robert Scandone, by Robert Scandone, Esq., of Counsel, Philadelphia, PA, for Defendants.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Christine McDermott Lauria, Mark Ryan, Kenneth Woodhall, Stephanie A. Resch, Paul C. Impagliazzo, Peter Impagliazzo, Neil J. Surgenor, Steve Voulgaris, Richard Holmes, Robert Finn, and Bryan Ray (collectively "the Plaintiffs"), commenced this lawsuit against Mitchell L. Heffernan ("Heffernan") and James E. Pedrick ("Pedrick") (collectively "the Defendants"), the sole shareholders and former directors of Mortgage Lenders Network, USA, Inc. ("MLN"). The Plaintiffs seek the recovery of unpaid commissions and wages they are owed from MLN. Presently before the Court are the parties' cross-motions for summary judgment on the Plaintiffs' New York Labor Law 191 claims ("Section 191") and the Plaintiffs' motion for summary judgment on the Defendants' counterclaims.

### I. BACKGROUND

MLN, a Delaware corporation, was in the mortgage lending business operating as a full service mortgage banking company that provided loans to consumers through licensed brokers. The Defendants are the sole shareholders and former directors of MLN. Plaintiff Paul Impagliazzo was a Senior Vice President at MLN while Plaintiff Peter Impagliazzo worked for MLN as a Regional Sales Manager. The remaining Plaintiffs were all employed by MLN as Business Development Managers. Their work for MLN consisted of introducing the company's mortgage products to brokers.

In February of 2007, MLN sought bankruptcy protection in the United States Bankruptcy Court for the District of Delaware and ceased paying the Plaintiffs commissions and wages owed to them. In addition to filing proof of claims against MLN in the bankruptcy action, the Plaintiffs also commenced this lawsuit in New York State Supreme Court, Nassau County, seeking the unpaid commissions and wages from Heffernan and Pedrick personally. The case was removed to this

Court in July of 2007 on the basis of diversity jurisdiction.

The Plaintiffs contend that the Defendants are jointly and severally liable with MLN for the unpaid commissions and wages under Section 191. As a threshold matter, the Defendants argue that the Plaintiffs may not invoke the protections of Section 191 because they are not "employees" within the meaning of the statute. The Defendants further contend that, even if the Plaintiffs qualify as employees under the statute, the Defendants, as shareholders and former directors of MLN, are not "employers" within the meaning of Article 6 of the New York Labor Law. The Defendants have also interposed counterclaims sounding in fraud and civil conspiracy against Plaintiffs Paul Impagliazzo and Peter Impagliazzo, arising from their alleged misrepresentations in connection with the marketing of MLN's A+ + mortgage product.

In October of 2006, MLN began marketing the A+ + product, a fixed rate mortgage for prospective borrowers with high credit scores. However, two weeks after MLN salespeople began marketing the A+ + product, MLN discovered that these mortgages were being offered at below-market interest rates. In light of the below-market pricing, MLN received a significant number of loan applications from borrowers who sought to take advantage of the low rates being offered. When MLN's management discovered the pricing error, Paul Impagliazzo was instructed by Steve Patton, MLN's Executive President and Chief Operating Officer, to tell the sales staff to discontinue marketing and selling the A+ + product.

The Defendants allege that, contrary to this instruction, Paul Impagliazzo encouraged the sales staff to continue marketing and selling the A+ + product in order to earn lucrative sales commissions. The Defendants contend that Paul Impagliazzo

concealed the alleged scheme by directing salespeople not to enter the A+ + loans into MLN's official records. According to the Defendants, Impagliazzo was terminated from MLN in November of 2006 after Patton discovered the alleged scheme. The Defendants contend that the unauthorized marketing of A+ + products led MLN to incur substantial losses and ultimately played a role in causing MLN to seek bankruptcy protection.

In August of 2007, the Defendants moved to dismiss the complaint. In an Order dated May 17, 2008, the Court dismissed the Plaintiffs' claim under N.Y. Business Corporation Law 630, finding that although the statute permitted employees to recover unpaid wages from a domestic corporation's ten largest shareholders, Section 630 could not be invoked against an out-of-state corporation such as MLN. However, the Court allowed the Plaintiffs to proceed on their Section 191 claim determining that unresolved factual issues precluded dismissal at the pleading stage. Presently before the Court are the parties' cross-motions for summary judgment on the Plaintiffs' Section 191 claim and the Plaintiffs' motion for summary judgment on the Defendants' fraud and civil conspiracy counterclaims.

## II. DISCUSSION

### A. The Summary Judgment Standard

It is well-settled that summary judgment is proper only where no genuine issue of material fact exists to present to the trier of fact. Fed.R.Civ.P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). On a summary judgment motion, the moving party bears the burden of establishing that there is no genuine issue of material fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). However,

once the moving party has offered evidence that there exists no genuine issue of material fact, the burden shifts to the non-moving party to provide evidence that a genuine, triable issue remains. *Id.* at 250, 106 S.Ct. 2505. The non-moving party cannot defeat summary judgment with nothing more than unsupported assertions. Fed.R.Civ.P. 56(e); *Cifarelli v. Vill. of Babylon,* 93 F.3d 47, 51 (2d Cir.1996).

■■■■ "The same standard of review applies when the court is faced with cross-motions for summary judgment." *Clear Channel Outdoor, Inc. v. City of New York,* 2009 WL 857068, at *12 (S.D.N.Y. Mar.31, 2009) (citing *Morales v. Quintel Entm't, Inc.,* 249 F.3d 115, 121 (2d Cir. 2001)). In evaluating cross-motions for summary judgment, "[e]ach party's motion must be reviewed on its own merits, and the Court must draw all reasonable inferences against the party whose motion is under consideration." *Id.* (citing *Morales,* 249 F.3d at 121). However, "even when both parties move for summary judgment, asserting the absence of any genuine issues of material fact, a court need not enter judgment for either party." *Morales,* 249 F.3d at 121 (citing *Heublein, Inc. v. United States,* 996 F.2d 1455, 1461 (2d Cir.1993)).

## B. Whether the Plaintiffs are Employees Under Section 190

■■■ Article 6 of the New York State Labor Law "regulates the payment of wages by employers." *Pachter v. Bernard Hodes Group, Inc.,* 10 N.Y.3d 609, 614, 861 N.Y.S.2d 246, 891 N.E.2d 279 (2008). N.Y. Labor Law 190 et seq. In order to prevail on a claim under Article 6, "a plaintiff must first demonstrate that he or she is an employee entitled to its protections." *See Bierer v. Glaze, Inc.,* 2006 WL 2882569, at *9 (E.D.N.Y. Oct.6, 2006) (quoting *Bhanti v. Brookhaven Memorial Hosp. Medical Center, Inc.,* 260 A.D.2d 334, 335, 687

N.Y.S.2d 667 (2d Dep't.1999)); N.Y. Labor Law 190(2). Here, the Defendants argue that all of the Plaintiffs were highly compensated executives or managers at MLN who may not invoke the protections of Section 191.

Section 191 sets forth the requirements governing an employer's wage payments to various subcategories of employees, including "commissioned salespersons," N.Y. Labor Law 190(6), and "clerical and other workers," N.Y. Labor Law 190(7). Section 190(6) defines a "commissioned salesperson" as any "employee whose principal activity is the selling of any goods, wares, merchandise, services, real estate, securities, insurance or any article or thing and whose earnings are based in whole or in part on commissions." N.Y. Labor Law 190(6). The statutory definition also expressly excludes any "employee whose principal activity is of a supervisory, managerial, executive or administrative nature." *Id.* Section 190(7) is a catch-all provision that defines "clerical and other workers" to encompass any employee not included in earlier subcategories except those "employed in a bona fide executive, administrative or professional capacity whose earnings are in excess of nine hundred dollars a week." N.Y. Labor Law 190(7).

The Plaintiffs contend that they are covered by Section 191 because they qualify as either "commissioned salespeople" or "clerical and other workers". For the sake of clarity, because Plaintiffs Paul Impagliazzo and Peter Impagliazzo were employed in different positions than the other Plaintiffs, the Court will address the Impagliazzos separately.

### 1. As to Paul Impagliazzo and Peter Impagliazzo

■■■ Plaintiffs Paul Impagliazzo and Peter Impagliazzo contend that they qualify as "other workers" within the meaning

of Section 190(7). However, as noted above, the phrase "other workers" in Section 190(7) is defined to exclude any person employed in an executive or managerial capacity whose earnings exceed $900. N.Y. Labor Law 190(7). Here, it is undisputed that Paul Impagliazzo was employed by MLN as an Executive Vice President and that Peter Impagliazzo worked as a Regional Sales Manager. Paul Impagliazzo's responsibilities as Executive Vice President included, among other things, establishing compensation levels for the mortgage sales division; creating a company-wide training program; and supervising five of MLN's Regional Vice Presidents. In his capacity as Regional Sales Manager, Peter Impagliazzo managed a team of Business Development Managers. It is also undisputed that both Paul Impagliazzo and Peter Impagliazzo earned in excess of $900 per week. In light of their salaries, job titles, and responsibilities, it is clear that Paul Impagliazzo and Peter Impagliazzo do not qualify as the type of "other workers" contemplated in Section 190(7). *See Bierer*, 2006 WL 2882569, at *9 (collecting cases) (noting that "New York courts have looked to an employee's title when determining whether an employee qualifies as an executive under Article 6."). Accordingly, the Defendants' motion for summary judgment is granted dismissing the Section 191 claims by Plaintiffs Paul Impagliazzo and Peter Impagliazzo.

### 2. As to the Business Development Managers

■ Plaintiffs Christine McDermott Lauria, Mark Ryan, Kenneth Woodhall, Stephanie A. Resch, Neil J. Surgenor, Steve Voulgaris, Richard Holmes, Robert Finn, and Bryan Ray were all employed by MLN as Business Development Managers. It is undisputed that their positions entailed promoting MLN mortgage products and soliciting business from various mortgage brokers. If a broker found a suitable borrower for an MLN mortgage product and if the loan closed, the Business Development Managers would receive commissions.

The Defendants have offered no evidence which even suggests that the Business Development Managers exercised any supervisory or managerial functions. Further, the fact that they all appeared to have earned more than $900 per week at MLN is immaterial because Section 190(6), unlike Section 190(7), does not exclude from its purview employees earning in excess of $900. Under the circumstances, there is no genuine dispute that the nine Plaintiffs employed by MLN as Business Development Managers are "commissioned salespeople" under Section 190(6). The Court's analysis must turn, then, to whether the Defendants, as shareholders and officers of MLN, are "employers" within the meaning of Section 190(3).

### C. Whether the Defendants are Employers Under Section 190(3)

The Plaintiffs assert that the Defendants are "employers" within the meaning of Section 190(3) and are therefore jointly and severally liable with MLN for unpaid wages and commissions owed to them. Although it is undisputed that MLN does in fact owe wages and commissions to the Plaintiffs, the Defendants contend that Article 6 does not permit plaintiffs to recover from a corporate employer's officers or shareholders.

In *Stoganovic v. Dinolfo*, 92 A.D.2d 729, 461 N.Y.S.2d 121 (4th Dep't 1983), the New York State Appellate Division, Fourth Department found that "the provisions of [N.Y. Labor Law 198–a] subjecting corporate officers to criminal sanctions for violation of [Article 6] indicates a legislative intent that they not be subject to civil liability." *Patrowich v. Chemical Bank*, 63 N.Y.2d 541, 483 N.Y.S.2d 659,

473 N.E.2d 11 (1984) (citing *Stoganovic*, 92 A.D.2d 729, 461 N.Y.S.2d 121). However, it is important to note that here, the Plaintiffs bring suit against the Defendants as employers, not as corporate officers or shareholders. The distinction is critical because courts have held that the rule set forth in *Stoganovic* is limited only to claims for unpaid wages against officers or shareholders "who do not qualify as employers" under Section 190(3). *See Vysovsky v. Glassman*, 2007 WL 3130562, at *17 (S.D.N.Y. Oct. 23, 2007) (citing *Chung v. The New Silver Palace Restaurant*, 272 F.Supp.2d 314, 318 (S.D.N.Y.2003)); *Wong v. Yee*, 262 A.D.2d 254, 693 N.Y.S.2d 536 (1st Dep't 1999) (holding that shareholders may be sued under Article 6 provided that they qualify as employers within the meaning of Section 190(3)). Thus, the viability of the Plaintiffs' Section 191 claims turn on whether they can show that Heffernan and Pedrick are "employers" within the meaning of Section 190(3).

 Section 190(3) broadly defines an "employer" as "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business, or service." N.Y. Labor Law 190(3). In analyzing whether a person is an employer, courts look to the "economic reality" test set forth in *Herman v. RSR Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir.1999). *See Chung*, 272 F.Supp.2d at 319 n. 6 (observing that the test for determining whether a person is an employer under Article 6 is the same test "set forth in Herman for analyzing employer status under the Fair Labor Standards Act."). The "economic reality" test looks to whether the alleged employer: (1) "had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; (4) and maintained employment records." *Herman*, 172 F.3d at 139. "No one of the four factors is

dispositive," and the question of employer status turns upon "the totality of the circumstances." *Id.* "[T]he overarching concern is whether the alleged employer possessed the power to control the workers in question, with an eye to the 'economic realities' presented by the facts of each case." *Id.* (citations omitted).

In this case, Pedrick is entitled to summary judgment. The Plaintiffs have offered virtually no evidence suggesting he was an employer under Section 190(3) and in fact appear to concede this point. However, the parties' submissions suggest that there is a genuine dispute as to whether Heffernan qualifies as an employer. First, although there is considerable evidence that Heffernan had the authority to hire and fire MLN employees, there is a dispute as to the extent of control he exerted over the Plaintiffs' conditions of employment. Second, although there is evidence that Heffernan approved the Plaintiffs' compensation structure, his level of involvement in that decision has not been developed by the parties. These are material factual issues that may not be resolved on summary judgment.

Accordingly, Heffernan's motion for summary judgment dismissing the Plaintiffs' Section 191 claims is denied and the Plaintiffs' cross-motion for summary judgment on these claims is also denied. Having determined that the Plaintiffs' Section 191 claims must be tried, it would be premature to address the Plaintiffs' motion for attorneys' fees and liquidated damages pursuant to Section 198.

**D. As to the Defendants' Counterclaims**

 The Defendants have interposed two counterclaims sounding in fraud and civil conspiracy. In particular, the Defendants allege that when MLN's management discovered that the A+ + mortgage product was mispriced, Steve Patton in-

structed Paul Impagliazzo to discontinue marketing and selling the product. The Defendants further allege that, despite this instruction, Paul Impagliazzo encouraged the sales staff to continue marketing and selling the A+ + product in order to earn lucrative sales commissions. The Defendants contend that Paul Impagliazzo concealed the unauthorized sale and marketing of the A+ + product by directing salespeople not to enter the loan information in MLN's official records. Plaintiffs Paul Impagliazzo and Peter Impagliazzo counter that, as shareholders and corporate officers, the Defendants lack standing to assert a fraud claim on their own behalf where the alleged fraud was perpetrated upon MLN. The Court agrees.

It is well-settled that "a shareholder always has standing to sue for harm to the corporation, as long as the suit is brought derivatively, with any recovery going to the corporation." *Solutia, Inc. v. FMC Corp.*, 385 F.Supp.2d 324, 331 (S.D.N.Y.2005) (citing N.Y. Bus. Corp. Law § 626(a)). However, under New York law, the general rule is that a shareholder may not bring an action *on his own behalf* for a wrong against a corporation, even where the alleged wrong adversely affects the value of his shares. *Solutia*, 385 F.Supp.2d at 331 (S.D.N.Y.2005); *see Abrams v. Donati*, 66 N.Y.2d 951, 953, 498 N.Y.S.2d 782, 489 N.E.2d 751 (1985) (observing that "[f]or a wrong against a corporation a shareholder has no individual cause of action . . ."). This general rule "applies equally to closely held corporations as to large, publicly traded corporations." *Solutia*, 385 F.Supp.2d at 331 (citing *Wolf v. Rand*, 258 A.D.2d 401, 403, 685 N.Y.S.2d 708 (1st Dep't 1999)).

Nevertheless, "where the plaintiff's injury is direct, the fact that [the corporation] may also have been injured and could assert its own claims does not preclude the plaintiff from asserting its claim directly." *Excimer Assocs., Inc. v. LCA Vision, Inc.*, 292 F.3d 134, 140 (2d Cir.2002). "Such a direct injury occurs, for example, if 'the wrongdoer has breached a duty owed to the shareholder independent of any duty owing to the corporation wronged.'" *Solutia*, 385 F.Supp.2d at 331 (citing *Abrams*, 66 N.Y.2d at 953, 498 N.Y.S.2d 782, 489 N.E.2d 751). In other words, this duty "must be derived from 'circumstances independent of and extrinsic to the corporate entity.'" *Id.* (quoting *Fifty States Mgmt. Corp. v. Niagara Permanent Sav. & Loan Assoc.*, 58 A.D.2d 177, 179, 396 N.Y.S.2d 925 (4th Dep't. 1977)).

Here, the Defendants have failed to identify and the Court is not aware of any duty that Plaintiffs Paul Impagliazzo and Peter Impagliazzo owed to the Defendants independent of the duties that the two Plaintiffs owed to MLN. In the absence of any such duty, the Defendants may not maintain causes of action founded upon injuries allegedly suffered by MLN. Accordingly, the Impagliazzos are entitled to summary judgment dismissing the Defendants' counterclaims.

### III. CONCLUSION

For the foregoing reasons: (1) Defendant James Pedrick is entitled to summary judgment dismissing the Plaintiffs' Section 191 claims; (2) Defendant Mitchell Heffernan's motion for summary judgment on the Plaintiffs' Section 191 claims is granted as to Plaintiffs Paul Impagliazzo and Peter Impagliazzo and denied as to the remaining Plaintiffs; (3) the remaining Plaintiffs' cross-motion for summary judgment on their Section 191 claims is denied; and (4) Plaintiffs Paul Impagliazzo and Peter Impagliazzo are entitled to summary judgment dismissing the Defendants' counterclaims.

The parties are directed to appear for a pre-trial conference on May 5, 2009 at 9:00

a.m. The Clerk of the Court is directed to adopt the following amended caption:

————————————X

CHRISTINE McDERMOTT LAURIA, MARK RYAN, KENNETH WOOD-HALL, STEPHANIE A. RESCH, NEIL J. SURGENOR, STEVE VOUL-GARIS, RICHARD HOLMES, ROB-ERT FINN, and BRYAN RAY, Plaintiffs,

-against-

MITCHELL L. HEFFERNAN, Defendant.

————————————X

SO ORDERED.