Attarian v Sagard Capital Partners, L.P. (2024 NY Slip Op 05879)

Attarian v Sagard Capital Partners, L.P.

2024 NY Slip Op 05879

Decided on November 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 26, 2024

Before: Renwick, P.J., Moulton, Friedman, Kapnick, Kennedy, JJ. 

Index No. 651680/22 Appeal No. 3133 Case No. 2023-02454 

[*1]Mark Attarian, et al., Plaintiffs-Appellants,
v
Sagard Capital Partners, L.P., Defendant-Respondent.

Meister Seelig & Fein, New York (Jeffrey Schreiber of counsel), for appellants.
Mintz & Gold LLP, New York (Terence W. McCormick and Evan I. Cohen of counsel), for respondent.

Order, Supreme Court, New York County (Lucy Billings, J.), entered April 26, 2023, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs and without prejudice to plaintiffs' refiling of the Business Corporation Law § 630 claim.
In May 2020, nonparty IntegraMed America, Inc., the former employer of plaintiffs, filed for Chapter 7 voluntary bankruptcy protection in Delaware, terminating plaintiffs' employment without paying wages they were owed under employment agreements, including for contractual bonuses and severance payments. In April 2022, plaintiffs commenced this action asserting a single claim under Business Corporation Law § 630. Plaintiffs sought to hold private equity defendant Sagard Capital Partners, L.P. liable for the unpaid wages owed them by IntegraMed, alleging that Sagard qualified under Business Corporation Law § 630(a) as one of their former employer's 10 largest shareholders based on the "beneficial interest" Sagard holds in IntegraMed through its ownership of certain shell entities that are the shareholders of IntegraMed.
The court properly dismissed plaintiffs' claim against Sagard as prematurely filed and not ripe for adjudication because plaintiffs did not satisfy the precondition for asserting such an action, which requires such plaintiffs to await the return of an unsatisfied execution of a judgment against the corporation. (see Wing Wong v King Sun Yee , 262 AD2d 254, 255 [1st Dept 1999]). Plaintiffs have merely alleged that they will not reasonably be able to recover any of their claims in the bankruptcy, without presenting any evidence that concretely establishes liability and the amount owed by the former employer. Accordingly, dismissal of the premature claim without prejudice to refiling is proper.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 26, 2024