■ SEYMOUR GOTTLIEB, Appellant-Respondent, v KENNETH D. LAUB & COMPANY, INC., Respondent-Appellant.—Order, Supreme Court, Bronx County (Herbert Shapiro, J.), entered July 23, 1991, which, inter alia, granted defendant's motion pursuant to CPLR 4404 (a) to set aside the jury's verdict with respect to commissions earned on the New York Shipping transaction and the finding that defendant acted wilfully in

withholding commissions (Labor Law § 198 [1-a]), and which denied its motion to set aside the jury's verdict with respect to the Health Insurance Plan transaction, unanimously affirmed, without costs.

Plaintiff Gottlieb was a real estate salesman employed by defendant for some seventeen years until his termination in 1987. His right to compensation was governed by a written agreement which provided as follows: "Laub agrees to pay you contingent compensation equal to a percentage of the commissions, fees and/or charges actually received by Laub on account of those transactions, if any, conducted and negotiated by you. That percentage shall be fifty (50%) percent in the case of transactions exclusively initiated, negotiated and concluded by you. That percentage shall be smaller, as determined by Laub in its reasonable discretion, in the case of all other transactions in which you are involved; provided, however, that Laub's determination shall reasonably reflect your contribution to the transaction". The agreement between the parties further provided that they were to be bound by certain rules and procedures annexed to the agreement, one of which stated that: "Laub shall have the sole right to determine the personnel to conduct specific transactions, including or excluding Employee, whether or not initiated by or initially involving Employee". Plaintiff Gottlieb received no other type of compensation or salary and was thus relegated to rights to commissions created under this agreement.

Following termination, plaintiff sought recovery of commissions for three transactions in which he participated, *viz.:* New York Shipping transaction (NYS); Health Insurance Plan transaction (HIP); and International Paper transaction (IP). Additionally, Gottlieb sought attorneys' fees and liquidated damages for wilfully refusing to pay a wage claim under Labor Law § 198 (1-a). As to the HIP transaction, the jury awarded plaintiff 50% of the commissions earned, which the trial court did not set aside. Defendant's claim that plaintiff was entitled to only 40% of the commission was properly rejected by the jury inasmuch as plaintiff initiated and, in effect, concluded this transaction. We agree with the trial court's interpretation and application of the parties' contract. We further agree that plaintiff is entitled to no more than 10% of the IP commission since plaintiff merely located the eventual site and did no more to further this transaction. Accordingly, the trial court appropriately set aside the jury award of 30% which actually exceeded plaintiff's request at trial of 25%. Finally, the trial court's ruling that plaintiff is

entitled to 25% of the NYS transaction commission rather than the 40% awarded by the jury is just and reflects a fair interpretation of the evidence *(see, Martin v McLaughlin,* 162 AD2d 181, 184).

Last, in view of the bona fide dispute concerning the amount of commissions owed, the finding of wilfulness was properly set aside and the trial court also correctly found that plaintiff is entitled to attorneys' fees under Labor Law § 198 (1-a) *(see, Daley v Related Cos.,* 179 AD2d 55). Concur—Carro, J. P., Milonas, Ellerin and Ross, JJ. *[See,* 151 Misc 2d 890.]