OPINION OF THE COURT
 

 Levine, J.
 

 Labor Law § 198 (1-a) provides in part that "[i]n any action instituted upon a wage claim by an employee * * * in which the employee prevails, the court shall allow such employee reasonable attorney’s fees”. The issue presented is whether this statutory entitlement to attorney’s fees applies to any wage claim action or only to those brought for violations of the wage payment law, article 6 of the Labor Law. As explained below, we conclude that the plain language, legislative history and purpose of section 198 (1-a) all indicate that the intent of the statute is that the attorney’s fees remedy provided therein is limited to wage claims based upon violations of one or more of the substantive provisions of Labor Law article 6.
 

 Defendant Kenneth D. Laub & Company, a real estate
 
 *460
 
 brokerage corporation, employed plaintiff Seymour Gottlieb as a real estate salesman for some 17 years until his employment was terminated in 1987. The parties’ employment relationship was governed by a written agreement. Pursuant to that agreement, plaintiff was to receive as compensation a percentage of the commissions paid to defendant on the transactions in which he was involved. Plaintiff’s share of a commission varied with the extent of his involvement in the particular transaction. He was entitled to no other compensation.
 

 Following the termination of his employment, plaintiff commenced this action to recover commissions due him from three transactions in which he had participated. Plaintiff did not allege a violation of any of the substantive provisions of article 6 of the Labor Law, but only a common-law contract cause of action and a second cause of action for a "violation of Labor Law section 198”, the costs and remedies provision of article 6, in which he demanded attorney’s fees and liquidated damages thereunder. The amount plaintiff is entitled to in commissions is not in dispute; whether section 198 (1-a) applies to plaintiff’s wage claim is the only issue.
 

 After a trial and jury verdict in favor of plaintiff, Supreme Court held that section 198 (1-a) was applicable and awarded attorney’s fees to plaintiff. The court, however, granted defendant’s CPLR 4404 (a) motion and set aside, as against the weight of evidence, the jury finding that defendant acted willfully in withholding the commissions, the statutory requisite for an award of liquidated damages (Labor Law § 198 [1-a]), and disallowed that claim. In the event that plaintiff did not consent to a vacatur of the finding of willfulness, the court ordered that a new trial should be held on that issue.
 

 Defendant appealed and plaintiff cross-appealed. The Appellate Division unanimously affirmed, holding that plaintiff was entitled to attorney’s fees under section 198 (1-a) (184 AD2d 429, 431). The Appellate Division subsequently granted defendant’s motion for leave to appeal on the issue of plaintiff’s entitlement to attorney’s fees and plaintiff’s cross motion for leave to appeal on the issue of willfulness, certifying the following question: "Was the order of the Supreme Court, as affirmed by this Court, properly made?” Thereafter, this Court granted plaintiff’s motion to limit the issues that defendant could raise on appeal to the applicability of Labor Law § 198 (81 NY2d 776). For the reasons that follow, we reverse that
 
 *461
 
 portion of the Appellate Division order holding that Labor Law § 198 (1-a) applies.
 
 [1]
 

 The attorney’s fees provision of section 198 was enacted (L 1967, ch 310) at the next session of the Legislature following the general recodification of the Labor Law regulating the payment of wages, by creation of a new Labor Law article 6 (L 1966, ch 548), sponsored by the Department of Labor
 
 (see,
 
 Mem of Indus Commr, June 3, 1966, Bill Jacket, L 1966, ch 548). The over-all objective of the 1966 legislation was to strengthen and clarify the substantive laws protecting the rights of employees to the payment of wages. As the Industrial Commissioner’s sponsoring memorandum stated, in outlining his reasons for recommending enactment:
 

 "The wage payment provisions established by this bill compare favorably with those of any other state in the nation. Not only are the rights and obligations of employees and employers presented in a clear fashion, but the extension of the provisions for the prompt payment of wages, and the requirement for wage statements to be given to employees and for record-keeping provide increased wage protection to employees of the State”
 
 (id.,
 
 at 4).
 

 The statutory provision in the 1966 enactment of Labor Law article 6 which generally regulates payment of wages by employers and creates reciprocal rights of employees is Labor Law § 191. Except for manual workers, all other categories of employees entitled to statutory protection under Labor Law § 191 are limited by definitional exclusions of one form or another for employees serving in an executive, managerial or administrative capacity
 
 (see,
 
 Labor Law § 190 [5], [6], [7]).
 
 [2]
 

 Labor Law § 198 as originally enacted in 1966 as part of Labor Law article 6 provided as follows:
 

 "§ 198. Costs, remedies
 

 
 *462
 
 "1. In any action
 
 instituted upon a wage claim
 
 by an employee or the commissioner
 
 in which the employee prevails,
 
 the court may allow such employee in addition to ordinary costs, a reasonable sum, not exceeding fifty dollars for expenses which may be taxed as costs. No assignee of a wage claim, except the commissioner, shall be benefited by this provision.
 

 "2. The remedies provided
 
 by this article
 
 may be enforced simultaneously or consecutively so far as not inconsistent with each other.” (Labor Law former § 198, as added by L 1966, ch 548 [emphasis supplied].)
 

 Certainly nothing in the language of that enactment suggests that it was intended to provide any remedy whatsoever for the successful prosecution of a common-law civil action for contractually due remuneration on behalf of employees who in all other respects are excluded from wage enforcement protection under the recodified article 6 of the Labor Law. Moreover, nowhere in the very extensive legislative history of chapter 548 of the Laws of 1966 is there even a hint of a legislative intent to provide new remedies for claims falling outside the substantive provisions of article 6.
 

 In 1967, the costs and remedies provisions of Labor Law article 6 as set forth in section 198 were amended to add a new subdivision (1-a) (L 1967, ch 310), the interpretation of which is the subject of this appeal:
 

 "1-a. In any action instituted upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow such employee reasonable attorney’s fees and, upon a finding that the employer’s failure to pay the wage required by this article was willful, an additional amount as liquidated damages equal to twenty-five percent of the total amount of the wages found to be due” (Labor Law § 198 [1-a]).
 

 Plaintiff urges that the plain language of Labor Law § 198 (1-a) compels a conclusion that he is entitled to recover attorney’s fees upon prevailing on his common-law contract claim. Specifically, plaintiff argues that, under the pertinent definitions as set forth in section 190 of Labor Law article 6, he has established that he is an "employee” (Labor Law § 190 [2]) who has prevailed upon a "wage” (Labor Law § 190 [1]) claim
 
 *463
 
 against an "employer” (Labor Law § 190 [3]). Having satisfied all of the elements of section 198 (1-a) as defined in section 190 of the article, plaintiff contends, it necessarily follows that he is entitled to an award of attorney’s fees. Even assuming arguendo that plaintiff falls within the foregoing definitions, plaintiff’s argument must fail in the face of the statutory language and the legislative history of Labor Law article 6 and of section 198 (1-a) in particular, which together point definitively to the conclusion that the remedies provided in section 198 were intended to be limited to claims based upon substantive violations of the article.
 

 Plaintiffs position that Labor Law § 198 (1-a) should apply to his common-law contract claim first overlooks the statutory language of the section which refers to an employer’s "failure to pay the wage
 
 required by this article”
 
 (emphasis supplied), which clearly evinces a legislative intent to limit the remedies provided therein to violations of article 6. Although one might perhaps read the phrase "failure to pay the wage required by this article” to modify only the clause setting forth the liquidated damages remedy, the legislative history of section 198 (1-a) as well as other statutory language contained in section 198 not only fails to support that construction but dictates the opposite conclusion.
 

 The legislative history for the statute — as set forth in the Bill Jacket of chapter 310 of the Laws of 1967 — reveals that the proponents and supporters of the 1967 legislation treated all of the remedies in Labor Law § 198 as addressing the same problem (i.e., employers’ violation of the wage laws), having the same objective (enhancing enforcement of the Labor Law’s substantive wage enforcement provisions), and providing cumulative remedies for wage claims brought thereunder. Thus, the State Industrial Commissioner’s sponsoring memorandum to the bill which became Labor Law § 198 (1-a) states as the
 
 sole
 
 purpose of the bill: "To assist the
 
 enforcement of the wage payment
 
 and minimum wage payment
 
 laws
 
 by imposing greater sanctions on employers
 
 for violation of those laws”
 
 (Mem of Indus Commr, Apr. 5, 1967, Bill Jacket, L 1967, ch 310 [emphasis supplied]). And, in a memorandum in support of the bill that became chapter 310 of the Laws of 1967 by the State AFL-CIO, the attorney’s fees and liquidated damages remedies of section 198 (1-a) are addressed collectively as "one more safeguard to assure employees of proper payment of wages
 
 under the law
 
 and would thus be a deterrent against
 
 *464
 
 abuses and violations” (Mem of New York State AFL-CIO, Bill Jacket, L 1967, ch 310 [emphasis supplied]).
 

 Nor does the statutory language of Labor Law § 198, read as a whole, support plaintiffs expansive interpretation of the attorney’s fees remedy so as to apply to his common-law action for contractually due remuneration. First, that remedy as set forth in section 198 (1-a) tracks the additional $50 cost remedy of subdivision (1) of that section, included as part of the 1966 recodification of Labor Law article 6, to be awarded to a prevailing employee in "any action instituted upon a wage claim by an employee or the commissioner” (Labor Law § 198 [1]). As previously discussed, however, no one has ever suggested that the additional costs remedy of section 198 (1) was available in common-law contractual remuneration actions by persons otherwise unprotected by the substantive "wage laws” of Labor Law article 6. Second, all of the remaining provisions of Labor Law § 198 strongly suggest that the entire section was intended merely to afford procedural rules, including costs and cost-related remedies, to apply in actions brought for wage claims created under the substantive provisions of Labor Law article 6. Thus, section 198 (2) provides that "[t]he remedies provided
 
 by this article
 
 may be enforced simultaneously or consecutively” (emphasis supplied). Likewise, section 198 (3) provides that "an action to recover upon a liability imposed
 
 by this article
 
 must be commenced within six years” (emphasis supplied).
 

 Accordingly, the statutory language and cumulative legislative history of Labor Law article 6 in general and section 198 (1-a) in particular convince us that the statutory remedy of an award of attorney’s fees to a prevailing employee, as well as the liquidated damages remedy where a willful failure to pay wages has been established, are limited to actions for wage claims founded on the substantive provisions of Labor Law article 6. Moreover, any doubts on the true meaning of the statutory language or legislative intent in the enactment of the attorney’s fees provision of Labor Law § 198 should be resolved in favor of a narrow construction. New York has traditionally followed the common-law rule disfavoring any award of attorney’s fees to the prevailing party in a litigation
 
 (see, Mighty Midgets v Centennial Ins. Co.,
 
 47 NY2d 12, 21-22;
 
 see also,
 
 24 NY Jur 2d, Costs in Civil Actions, § 158). Therefore, the appropriate canon of statutory construction to be applied in this case favors a narrow interpretation
 
 (see,
 
 
 *465
 
 McKinney’s Cons Laws of NY, Book 1, Statutes § 301 [a]). Or, put another way:
 

 "The common law is never abrogated by implication, but on the contrary it must be held no further changed than the clear import of the language used in a statute absolutely requires”
 
 (id.,
 
 § 301 [b]).
 

 An expansive interpretation of Labor Law § 198 (1-a) to permit recovery of attorney’s fees on a common-law contractual remuneration claim would not only violate the foregoing canons of statutory construction, but would afford a windfall remedy to litigants whom the Legislature consciously chose
 
 not
 
 to afford the protections and benefits of the wage payment regulatory provisions of the Labor Law. For all of the foregoing reasons, plaintiff’s claim that he is entitled to liquidated damages under section 198 (1-a) must also fail.
 

 Accordingly, plaintiff’s appeal should be dismissed and, on defendant’s appeal, the order of the Appellate Division, insofar as appealed from, should be reversed, with costs, plaintiff’s cause of action based on Labor Law § 198 (1-a) dismissed, and the certified question answered in the negative.
 

 Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Bellacosa and Smith concur.
 

 Plaintiff’s appeal dismissed upon the ground that the Appellate Division did not have the power in these circumstances to grant leave to appeal to the plaintiff on a certified question
 
 (see,
 
 CPLR 5602 [b] [1];
 
 Collins v McGinley,
 
 78 NY2d 1002). On defendant’s appeal, order, insofar as appealed from, reversed, with costs, plaintiff’s cause of action based on Labor Law § 198 (1-a) dismissed, and certified question answered in the negative.
 

 [1]
 

 . [2] Plaintiffs cross appeal must be dismissed. The Supreme Court ordered a new trial on the issue of willfulness in the event that plaintiff did not stipulate to the court’s setting aside of the jury’s finding of willfulness as against the weight of evidence. Plaintiff apparently has not so stipulated. Because the Appellate Division order affirms the grant of a new trial on the issue plaintiff seeks to appeal, the Appellate Division was not empowered to grant leave to plaintiff on a certified question
 
 (see,
 
 CPLR 5602 [b] [1];
 
 Collins v McGinley,
 
 78 NY2d 1002).
 

 [2]
 

 . As previously noted, plaintiff did not plead any claim under Labor Law § 191 or any other substantive provision of article 6 in his complaint.