■ CARLOS SCHEER, Respondent, v HAROLD L. KAHN et al., Appellants. [634 NYS2d 148] —In an action, *inter alia,* to recover damages for breach of contract and for attorney's fees under Labor Law § 198 (1-a), the defendants appeal from (1) an order of the Supreme Court, Orange County (Sherwood, J.), dated April 28, 1994, which, upon granting the plaintiff's motion for reargument of (a) the branch of their prior motion which was for summary judgment dismissing the defendants' first counterclaim and (b) their prior motion which was for an award of attorney's fees, dismissed the defendants' first counterclaim, and granted the plaintiff's motion for attorney's fees, (2) a judgment of the same court (Sherwood, J.), entered May 19, 1994, which, upon so much of an order of the same court (Silverman, J.), dated November 5, 1993, as granted summary judgment to the plaintiff, is in favor of the plaintiff and against them in the principal sum of $17,269.50, plus attorney's fees of $9,873.75 and, (3) an order of the same court (Sherwood, J.), dated October 13, 1994, which denied their motion, in effect, to reargue the plaintiff's motion for attorney's fees.

Ordered that the appeal from the order dated April 28, 1994, is dismissed, without costs or disbursements, and it is further,

Ordered that the appeal from the order dated October 13, 1994, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument, and it is further,

Ordered that the judgment is modified, on the law and on the facts, by (1) deleting from the preamble thereof the following language: "sum of $17,269.80 dollars, with interest thereon, from the 6th day of June, 1989, together with attorney's fees in the sum of $9,893.75 dollars" and substituting therefor the following: "sum of $13,654 with interest from June 6, 1989, and attorney's fees in the sum of $8,858.75 with interest from November 5, 1993," and (2) deleting from the decretal paragraph thereof all language beginning with the word "defendants" up to and including the word "dollars" and substituting therefor the following "(1) the defendants Harold L. Kahn, Kahn Inc., Realtors, and Harold L. Kahn, Inc., the sum of $20,188.75 and (2) the defendants Kahn Inc., Realtors and Harold L. Kahn, Inc., the sum of $2,354"; as so modified, the judgment is affirmed, without costs or disbursements, so much of the order dated April 28, 1994, as awarded attorney's fees in the sum of $9,873.75, and so much of the order dated November 5, 1993, as, in effect, granted the branch of the plaintiff's motion which was for summary judgment against the defendant Harold L. Kahn, on the Drislane and Capital Career Consultants transactions are vacated, and the matter is remitted to

the Supreme Court, Orange County, for entry of an appropriate amended judgment in accordance herewith.

The appeal from the intermediate order dated April 28, 1994, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The plaintiff brought this action to recover commissions due him from three real estate transactions with which he was involved during the time he was employed by the defendants. Some of the commissions were received after his termination. In one of these transactions (hereinafter the Blake transaction), a mediation agreement signed by the plaintiff and the defendant Harold L. Kahn provided that the plaintiff was entitled to 11.3% of the commissions received. That agreement also contained a provision requiring each party "to indemnify the other for all expenses incurred in having this agreement judicially enforced".

The defendants do not dispute that they received a $100,000 commission on the Blake transaction in May 1991, but claim that their termination policy, which was part of the parties' employment agreement, permitted them to reduce, by half, the commission owed to the plaintiff. The termination policy stated that "[p]ayment of pending commissions, less reasonable servicing costs, not to exceed 50% of the net fee to the Sales Associate, will be paid upon completion and collection of fees for transactions in progress". In two other transactions, the plaintiff claimed he was owed $1,925 for commissions received in April 1989 and April 1990 (the Drislane transaction) and $429 for a commission received in September 1988 (the Capitol Career Consultants transaction). On appeal the defendants contend that the plaintiff was paid his share on these transactions. The defendants also contest the calculation of interest on the damages award, the award of attorney's fees, the interest calculated thereon, the liability of the defendant Harold L. Kahn in his individual capacity, and the Supreme Court's refusal to refer a motion for reargument on the attorney's fees to the Justice who first reviewed that issue.

On a motion for summary judgment, the papers should be scrutinized in the light most favorable to the opposing party (see, Robinson v Strong Mem. Hosp., 98 AD2d 976). We agree with the Supreme Court that no triable issues of fact were presented with respect to the plaintiff's causes of action for

contract damages and attorneys fees. First, with respect to the Blake transaction, the defendants essentially concede that the plaintiff was originally entitled to $11,300 by claiming that the termination policy limited his share to $5,625 (approximately half of the 11.3% claimed by the plaintiff). Assuming the validity of the termination policy, the defendants presented no evidence whatsoever of the "servicing costs" which would have justified the reduction of the plaintiff's commission under the termination policy. With respect to the remaining transactions, the plaintiff presented evidence demonstrating that the amounts he claimed were due him. The defendants, on the other hand, again failed to present evidence which raised triable issues of fact.

It is not clear from the judgment how the trial court calculated the damages. It appears that the judgment may include an award for liquidated damages under Labor Law § 198 (1-a) and for damages the plaintiff no longer sought. We modify the award, based on the record, to reflect the amounts the plaintiff actually sought without an award for liquidated damages. In *Gottlieb v Laub & Co.* (82 NY2d 457), the Court of Appeals held that the attorney's fees and liquidated damages provisions of Labor Law § 198 (1-a) "are limited to actions for wage claims founded on the substantive provisions of Labor Law article 6" *(Gottlieb v Laub & Co., supra,* at 464). The parties dispute whether the plaintiffs complaint states a "wage claim" and whether he is covered by the statute. Those issues need not be addressed because none of the plaintiff's causes of action is based on the substantive provisions of the Labor Law. Indeed, the only causes of action based on the Labor Law are for costs, attorney's fees, and liquidated damages which do not come under the substantive provisions of Labor Law § 198 (1-a).

Contrary to the defendants' contention, the Supreme Court's judgment awarding interest from June 6, 1989, on the sums awarded for contract damages is reasonable. Under CPLR 5001 (b), a trial court may compute interest "from a single reasonable intermediate date" when the damages, as here, arose at various times. The breaches in this case ran from September 1988 to May 1991. Thus, June 1989 is a reasonable intermediate date.

The defendants are correct that the plaintiff is not entitled to attorney's fees under Labor Law § 198 (1-a) as *Gottlieb v Laub & Co. (supra)* makes clear. The mediation agreement, however, provided for the parties "to indemnify the other for all expenses incurred in leaving this agreement judicably

enforced". Such a provision must include the expenses incurred in hiring an attorney *(see, Breed, Abbott & Morgan v Hulko,* 74 NY2d 686, 687). The amount awarded in the judgment, however, exceeds the plaintiff's request without explanation. We modify this award to reflect the amount claimed by the plaintiff with interest from November 5, 1993, the date of the order which granted summary judgment to the plaintiff. This order demonstrates that the plaintiff had to seek judicial redress to enforce the agreement *(see,* CPLR 5002; *Matter of Ford,* 48 AD2d 473, *affd* 39 NY2d 1000).

The defendants are correct that Harry L. Kahn could not be personally liable for the commissions due to the plaintiff from the corporate defendants on the Drislane and Capitol Career Consultants transactions. Mr. Kahn, however, signed the mediation agreement in his individual capacity on the Blake transaction and thus, would be personally liable along with the corporate defendants for the amount of the judgment flowing from the enforcement of the mediation agreement.

We find no merit to the defendants' remaining contentions. Sullivan, J. P., Altman, Hart and Friedmann, JJ., concur.