Robert COLANGELO, Plaintiff,

v.

FRESH PERSPECTIVES,
INC., Defendant.

95 Civ. 2509.

United States District Court,
S.D. New York.

Dec. 18, 1996.

Frydman Beck King & Arad by Stephen King, New York City, for plaintiff.

Davis & Gilbert by Howard J. Rubin, New York City, for defendant.

## MEMORANDUM ORDER

RAKOFF, District Judge.

This memorandum will serve to confirm the Court's telephonic order of October 23, 1996 partially granting and partially denying defendant's motion for summary judgment and will briefly set forth the reasons for those determinations. Familiarity with the underlying factual submissions is presumed.

 In essence, plaintiff Robert Colangelo, who worked for defendant Fresh Perspectives from December, 1991 to January, 1993, alleges he is due certain "incentive commissions" under an oral employment contract. Defendant, in turn, argues that former employees are not entitled to incentive compensation after the employment relationship has terminated under the terms of defendant's employee handbook, and that these terms apply here. *See* Defendant's Statement Pursuant to Local Rule 3(g) at ¶ 9.

While several courts have held that the terms of an employee handbook may govern the employment relationship in certain circumstances, *see, e.g., Mycak v. Honeywell, Inc.,* 953 F.2d 798, 802–03 (2d Cir.1992); *Zolotar v. New York Life Ins. Co.,* 172 A.D.2d 27, 576 N.Y.S.2d 850, 853 (1991); *Weiner v. Diebold Group, Inc.,* 173 A.D.2d 166, 568 N.Y.S.2d 959, 960 (1991), these cases chiefly relate to work rules and procedures, rather than substantive terms of compensation. Moreover, it appears that in these cases the employees either had contractually agreed to be bound by the terms of the handbook (as by signing the handbook in question) or were "at will" employees who had no legal basis to dispute the employer's specified terms and conditions of their ongoing employment, whether set forth in the handbook or otherwise. Here, the plaintiff denies knowledge of the handbook provisions, or even that he received a copy of the handbook. Affidavit of Robert Colangelo at ¶ 7. Further, he asserts that he had an express (albeit oral) contract with defendant requiring payment of incentive commissions. Based on these allegations and the evidence adduced in support thereof, summary judgment cannot be granted here as a matter of law on plaintiff's claim for breach of contract.

 Plaintiff further claims that he is also due liquidated damages and attorney's fees under N.Y.Labor Law §§ 191 and 198, which apply to certain wrongfully withheld wages. Defendant responds that incentive commissions are not "wages" within the meaning of these laws. *See Dean Witter Reynolds, Inc. v. Ross,* 75 A.D.2d 373, 429 N.Y.S.2d 653, 658 (1980). The court in *Dean Witter* stated unequivocally that "the term 'wages,' despite its broad definition ... does not encompass an incentive compensation plan." This Court finds no basis not to apply that conclusion to the facts here alleged by plaintiff. Nor has plaintiff produced admissible evidence that could warrant any reasonable finder of fact in awarding him attorney's fees under the narrow construction given the pertinent provisions of the N.Y.Labor Law. *See Canet v. Gooch Ware Travelstead,* 917 F.Supp. 969, 995 (E.D.N.Y.1996) (citing *Gottlieb v. Laub and Co., Inc.,* 82 N.Y.2d 457, 459, 605 N.Y.S.2d 213, 626 N.E.2d 29 (1993)).

Accordingly, defendant's motion for summary judgment on plaintiff's claims under the N.Y.Labor Law for liquidated damages and attorney's fees is granted; but defendant's motion for summary judgment on plaintiff's breach of contract claim is denied. Counsel are directed to jointly call Chambers upon receipt of this Order to schedule a trial date for the remaining part of this case.

SO ORDERED.