■ In the Matter of the Arbitration between STEPHEN APKON, Appellant, and ODYSSEY PARTNERS, L.P., Respondent. [653 NYS2d 120] —Judgment, Supreme Court, New York County (Stanley Parness, J.), entered July 10, 1995, which denied petitioner's application to confirm an arbitration award and granted respondent's cross motion to vacate the award, unanimously affirmed, with costs.

We agree with the IAS Court that it was "totally irrational" of the arbitrators to find that monies due as a result of mutually agreed upon equity participations by the employee in the employer's investments involving risk of loss constitute "wages" as defined in Labor Law § 190 (1) (*see, Matter of Dean Witter Reynolds v Ross,* 75 AD2d 373), or that the refusal to pay such monies constituted a "deduction" from wages within the meaning of Labor Law § 193 (*cf., supra*). Rejection of those findings (*see, Hackett v Millbank, Tweed, Hadley & McCloy,* 86 NY2d 146, 155) necessarily requires vacatur of the award of liquidated damages and attorneys' fees under Labor Law § 198 (1-a) (*see, Gottlieb v Laub & Co.,* 82 NY2d 457). Concur—Murphy, P. J., Rubin, Tom and Andrias, JJ.