==================================================================
This opinion is uncorrected and subject to revision before
publication in the New York Reports.
------------------------------------------------------------------
No. 18
Graham Court Owner's Corp.,
          Appellant,
        v.
Kyle Taylor,
          Respondent.


              Nativ Winiarsky, for appellant.
              Mark H. Bierman, for respondent.


RIVERA, J.:

        We hold that Real Property Law § 234, which imposes a

covenant in favor of a tenant's right to attorneys' fees, applies

to a lease that authorizes the landlord to cancel the lease upon

tenant's default, repossess the premises and then collect

attorneys' fees incurred in retaking possession.  Such lease

- 1 -

permits the landlord to recover fees that result from the tenant's breach, and therefore serves as the basis for the tenant's statutorily implied rights to attorneys' fees. Here, we agree with the Appellate Division that Real Property Law § 234 applies to the parties' lease and that the tenant is entitled to attorneys' fees as the prevailing party in this summary holdover proceeding.

I.

The parties' current dispute arose from a holdover proceeding commenced by the landlord, appellant Graham Court, against tenant, respondent Kyle Taylor. The apparent basis for the holdover proceeding can be traced back to the tenant's successful rent overcharge complaint filed with the New York State Division of Housing and Community Rental (DHCR). There, the landlord denied the overcharge, contending that the apartment was properly deregulated under the law, based on various renovations allegedly conducted by the landlord. Tenant, in turn, asserted that it was he who had performed electrical upgrade work on the premises for which the landlord sought to take credit. DHCR eventually found that the landlord misrepresented the facts, and concluded that the apartment was subject to regulation, and the landlord had overcharged the tenant. By way of relief, DHCR ordered a rent reduction and repayment for the overcharges, and awarded the tenant treble damages in accordance with the Administrative Code of the City of

New York § 26-516.  The Appellate Division subsequently affirmed Supreme Court's dismissal of the landlord's CPLR Article 78 challenge to DHCR's determination (Graham Ct. Owners Corp. v Division of Hous. and Community Renewal, 71 AD3d 515 [1st Dept 2010]).

Approximately four months after DHCR rendered its decision in favor of the tenant, and while the landlord's article 78 was pending in Supreme Court, the Landlord commenced the underlying summary holdover action against the tenant seeking to evict the tenant and regain possession of the premises, and demanding rent arrears and $3,000.00 in legal fees.  In support of its claims, the landlord alleged that the tenant breached the lease by failing to obtain the required prior written consent to install a new electrical system in the kitchen -- the same electric upgrade work disputed by the parties in the matter before DHCR.  When the tenant failed to cure the breach or terminate the premises, the landlord commenced the holdover proceeding.

For his part, the tenant denied that he breached the lease, and asserted a defense of retaliatory eviction under Real Property Law § 223-b seeking all appropriate relief under that provision.  Tenant also counterclaimed for attorneys' fees and damages under sections 234 and 233-b.  The landlord responded in a post trial memorandum that Real Property Law § 234 did not apply because the statute only recognized a tenant's implied

right to attorneys' fees if the lease provided for landlord's fees incurred in an action for the tenant's breach, and that the parties' lease lacked such a provision.

Civil Court dismissed the proceeding, finding the tenant had not breached the lease because the landlord's agents authorized the tenant's electrical work.  Moreover, the court concluded the landlord's principal lied repeatedly during the course of the nonjury trial, and the proceeding was commenced in retaliation for the tenant's successful DHCR rent overcharge claim.  Thus, the court awarded the tenant attorneys' fees as part of the damages for the retaliatory eviction under Real Property Law § 223-b (5), but denied fees under section 234. Both parties thereafter appealed.  Appellate Term modified, denying the tenant attorneys' fees under Real Property Law § 223-b, and otherwise affirmed.

In a split decision, the Appellate Division modified, on the law, by granting the tenant's claim for attorneys' fees pursuant to Real Property Law § 234 and remanding for a hearing on the fee amount, and otherwise affirmed (Graham Ct. Owner's Corp. v Taylor, 115 AD3d 50 [1st Dept 2014]).[1]  The court concluded that the lease provides that in any action or summary proceeding the landlord may recover attorneys' fees incurred as a result of the tenant's failure to perform a covenant or agreement

---

[1]The Appellate Division did not address whether, in the alternative, the tenant is entitled to attorneys' fees under Real Property Law § 223-b.

contained in such lease, and therefore fits within the statute's coverage.  The dissent argued that section 234 should be strictly construed, and as such could not be extended to apply to the lease which merely allows for an offset of rents collected when the landlord relets the premises.

The Appellate Division subsequently granted the landlord's motion for leave to appeal, certifying a question whether its order was properly made. We now hold that Real Property Law § 234 applies to the lease and answer the question in the affirmative.

II.

Under Real Property Law § 234,

"Whenever a lease of residential property shall provide that in any action or summary proceeding the landlord may recover attorneys' fees and/or expenses incurred as the result of the failure of the tenant to perform any covenant or agreement contained in such lease, or that amounts paid by the landlord therefor shall be paid by the tenant as additional rent, there shall be implied in such lease a covenant by the landlord to pay to the tenant the reasonable attorneys' fees and/or expenses incurred by the tenant as a result of the failure of the landlord to perform any covenant or agreement on its part to be performed under the lease or in the successful defense of any action or summary proceeding commenced by the landlord against the tenant arising out of the lease."

In order for the tenant to be eligible for attorneys' fees under this section, the parties' lease must permit the landlord, in any

action or summary proceeding, to recover attorneys' fees as a result of the tenant's breach. Where a lease so provides, the court must interpret the lease to similarly permit the tenant to seek fees incurred as a result of the landlord's breach or the tenant's successful defense of a proceeding by the landlord. Here, we hold that paragraph 15 provides the basis for the tenant's claim for reciprocal rights to attorneys' fees within the meaning of Real Property Law § 234.

Paragraph 15 of the lease, titled "Tenant's default", sets forth the landlord's remedies and the tenant's liabilities upon the tenant's failure to comply with a term or rule in the lease. According to this paragraph, where a properly notified tenant fails to cure a default the landlord may cancel the lease and retake possession of the premises, if necessary, by way of an eviction proceeding or other lawsuit. Upon cancellation of the lease and the landlord's repossession of the premises the tenant is liable for rent for the unexpired term. The landlord's rights to attorneys' fees are set forth in clause D. (3) of this paragraph, which states, in part,

> "D. If this Lease is cancelled, or Landlord takes back the Apartment, the following takes place:
>
> . . . .
>
> "(3) Any rent received by Landlord for the re-renting shall be used first to pay Landlord's expenses and second to pay any amounts Tenant owes under this Lease. Landlord's expenses include the costs of getting possession and re-renting the

> Apartment, including, but not only reasonable
> legal fees, brokers fees, cleaning and
> repairing costs, decorating costs and
> advertising costs."

Thus, clause D. (3) anticipates that after a tenant's default leads to the reletting of the premises, the landlord is entitled to collect attorneys' fees incurred in gaining possession. Under these circumstances, clause D. (3) complies with the requirements of Real Property Law § 234 that the lease provide "in any action or summary proceeding" for the landlord's recovery of attorneys' fees "incurred as the result of the failure of the tenant to perform any covenant or agreement contained in such lease."

The landlord argues that the lease is outside the coverage of Real Property Law § 234 because under clause D. (3) the landlord may collect attorneys' fees from rents received by rerenting the premises to another tenant, and not from the original defaulting tenant as fees incurred in an action for the tenant's violations of the lease. In essence the landlord seeks to distinguish the attorneys' fees provision on two grounds: the fees permitted under the lease constitute costs for reletting of the premises and not for litigating the tenant's breach; and the amount recouped as fees is applied as an offset of the amount owed by the tenant, and thus serves to beneficially mitigate the tenant's debt. We find unpersuasive these arguments which seek to avoid the application of Real Property Law § 234 by ignoring the terms of paragraph 15, and the practical implications of

clause D. (3).

Here, the lease provides for the landlord's right to cancel the lease, retake possession and relet the premises only upon the tenant's failure to cure a default. Thus, the landlord's attorneys' fees under paragraph 15 D. (3) for "getting possession and re-renting" are incurred as a result of the tenant's breach. The issue is not whether the attorneys' fees are available in the landlord's underlying proceeding against the tenant for the breach of the lease.  There is no such limitation found in the text of Real Property Law § 234 (see Duell v Condon, 84 NY2d 773, 783 [1995] ["Real Property Law § 234 contains no limitation, stating that its terms apply '[w]henever a lease of residential property' includes an attorneys' fees and expenses clause in favor of the landlord"]).  Rather, the issue is whether the lease provides that "in any action or summary proceeding" the landlord may recover attorneys' fees incurred as the result of the tenant's breach of a leasehold covenant or agreement.  That is what the lease here provides by permitting recovery of attorneys' fees for getting possession and reletting only when the tenant breaches the lease.

The landlord's other contention that the statute should be treated as a form of mitigation that reduces the amount owed by the tenant to the landlord disregards the import of clause D.(3).  That clause states that "any rent received by Landlord for the re-renting shall be used first to pay Landlord's expenses

and second to pay any amounts Tenant owes under this Lease."  By its language, clause D. (3) must be read to assume that, but for this sequenced payment of attorneys' fees, the tenant would be entitled to demand credit for the full rent collected by the landlord for reletting the premises, and to have that credit applied against any amount the tenant owed under the lease. Thus, because the amounts received are initially used to pay the landlord's attorneys' fees, less money remains for reducing the tenant's outstanding debt.  The landlord argues otherwise, but the tenant is effectively paying the landlord's attorneys' fees by way of this "relet and collect" lease provision.

We are mindful that Real Property Law § 234 is a remedial statute intended to "equalize the power of landlords and tenants" (Duell, 84 NY2d at 783).  As this Court stated in Duell v Condon,

> "[t]he overriding purpose of Real Property
> Law § 234 was to level the playing field
> between landlords and residential tenants,
> creating a mutual obligation that provides an
> incentive to resolve disputes quickly and
> without undue expense. The statute thus
> grants to the tenant the same benefit the
> lease imposes in favor of the landlord"

(id. at 780).  The Court also identified an additional purpose of section 234 "to discourage landlords from engaging in frivolous litigation" intended to "harass tenants, particularly tenants without the resources to resist legal action, into terminating legal occupancy" (id.).  With this understanding, the Court broadly interpreted Real Property Law § 234, giving expansive

meaning to the definition of tenants and the types of landlord actions covered under the statute, and applying the statute retroactively to preexisting leases to extend the reach of the statute.

Of particular relevance to the parties' dispute in this appeal, the Court in Duell rejected a challenge analogous in kind to that asserted by the landlord herein.  In Duell, the landlord argued that the underlying eviction proceeding fell outside the scope of Real Property Law § 234 because the proceeding was based on the tenant's failure to occupy the premises as a primary residence, a requirement mandated by law, not by the terms of the lease.  The Court found that violation of the statutory residency requirement terminated the tenancy, and obligated the tenant, pursuant to a covenant in the lease, to quit and surrender the premises (Duell, 84 NY2d at 782).  Since the tenant's failure to quit resulted in the landlord's proceeding to evict, the Court concluded that the eviction proceeding constituted litigation arising out of the lease, within the meaning of Real Property Law § 234 (id.).  Similarly, here, the provisions of paragraph 15 permit the landlord to cancel and relet based on the tenant's default, and provide the nexus between the specific authorization for the landlord's recovery of attorneys' fees by re-renting and the tenant's breach.

Our interpretation of paragraph 15, and clause D. (3) in particular, furthers the legislative purposes that favor the

tenant's right to attorneys' fees.  In contrast, acceptance of the landlord's interpretation of Real Property Law § 234 and clause D. (3) requires that we approve language in this lease whereby the landlord is allowed to recover attorneys' fees that result from the tenant's breach, while at the same time denying the tenant a similar right of recovery, merely because the landlord will recoup the fees by reletting the premises.  This construction of the statute and the lease agreement would once again favor the landlord, in contravention of the legislative intent to place the parties on an equal footing (see Duell, 84 NY2d at 783).

Moreover, this interpretation permits a landlord to escape the statute's coverage by recharacterizing the landlord's attorneys' fees as costs incurred by reletting, contracting the statute's coverage by limiting its scope.  It also encourages creative ways to structure recovery of fees so as to appear attenuated from the tenant's breach.  As the Appellate Division recognized, this would "reward 'artful draftsmanship' and undermine the salutary purpose of section 234" (Graham Ct. Owner's Corp., 115 AD3d at 59, quoting Casamento v Juaregui, 88 AD3d 345, 357 [2d Dept 2011], quoting Bunny Realty v Miller, 180 AD2d 460, 463 [1st Dept 1992]).

The landlord argues, like the Appellate Division dissent, that we must interpret Real Property Law § 234 narrowly because it is in derogation of the common law rule that disfavors

attorneys' fees for prevailing parties.  In support, the landlord relies on this Court's decision in Gottlieb v Kenneth D. Laub & Co., Inc. (82 NY2d 457, 464 [1993]).  We disagree that Gottlieb requires an outcome in favor of the landlord.

The Court in Gottlieb held that Labor Law § 198 did not authorize recovery of attorneys' fees for a common law contractual claim.  In reaching this conclusion, the Court held that the statute's terms and cumulative legislative history evinced an intent to limit its application to "actions for wage claims founded on the substantive provisions of Labor Law article 6" (id. at 465).  Then, only two years after Gottlieb, this Court interpreted Real Property Law § 234 broadly in Duell, citing the statutory language, purpose and history, for example, in support of extending the statute's coverage to include as "tenants" nonsignatories to the lease (84 NY2d at 779-782).  Notably the Court made no mention of Gottlieb, presumably because, unlike Labor Law § 198, the statutory language and the legislative history of Real Property Law § 234 demonstrate an intent to abrogate the common law.  Thus, Gottlieb does not constrain us from recognizing the tenant's implied right to attorneys' fees based on the language in the lease.

The landlord fares no better by pointing to a statutory construction rule that limits judicial expansion or remedial statute to the "fairly expressed provisions of the act" (McKinney's Cons Laws of NY. Statutes Law § 321, Comment at 492).

As the Court held in Duell, section 234 requires the landlord and tenant be placed on equal footing, a task made easier in this case by the simple fact that paragraph 15 D. (3) explicitly provides for attorneys' fees.  Moreover, this rule of construction is inapplicable here where the parties themselves have adopted a provision allowing for attorneys' fees.  Having agreed to this provision, the landlord cannot now complain that Real Property Law § 234 imposes an unwelcome displacement of the common law rule.

Turning to the landlord's alternative argument that the tenant is not a prevailing party, we conclude that the courts below properly determined that the tenant did not substantially breach the lease because the landlord's agent authorized the tenant's conduct (see Nestor v McDowell, 81 NY2d 410, 415 [1993] [only a prevailing party, who has achieved "the central relief sought" is entitled to attorneys' fees]; cf. Ram I, LLC v Stuart, 248 AD2d 255, 256 [1st Dept 1998] [attorneys' fees denied where outcome of "litigation was not substantially favorable to either side"]).  Since the tenant succeeded in his defense against the landlord's holdover proceeding, he is entitled to fees under Real Property Law § 234.

Accordingly, the order should be affirmed, with costs, and the certified question answered in the affirmative.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Order affirmed, with costs, and certified question answered in
the affirmative.  Opinion by Judge Rivera.  Chief Judge Lippman
and Judges Read, Pigott and Abdus-Salaam concur.  Judges Stein
and Fahey took no part.


Decided February 19, 2015