■ U.S. Bank National Association, Solely in its Capacity as Trustee of the Home Equity Asset Trust 2007-2 (HEAT 2007-2), Appellant, v DLJ Mortgage Capital, Inc., Respondent. U.S. Bank National Association, Solely in its Capacity as Trustee of the Home Equity Asset Trust 2006-8 (HEAT 2006-8), Appellant, v DLJ Mortgage Capital, Inc., Respondent. [34 NYS3d 428]—

Orders, Supreme Court, New York County (Marcy S. Friedman, J.), entered October 6, 2014, which, to the extent appealed from as limited by the briefs, granted defendant's motions to dismiss the portion of the indemnification claims seeking reimbursement of attorneys' fees, unanimously reversed, on the law, with costs, and the motions denied.

These actions arise from alleged breaches of Pooling and Servicing Agreements (PSAs), dated November 1, 2006 (HEAT 2006-8) and March 1, 2007 (HEAT 2007-2), governing trusts containing securitized residential backed mortgage loans transferred to them by defendant. The PSAs contain various representations and warranties by defendant regarding the quality and characteristics of the loans, and provide that, upon

discovery of a material breach of the representations and warranties, defendant must cure the breach or, if the breach is not cured, either substitute a qualified loan for the affected loan or repurchase the affected loan from the trustee. Plaintiff, as trustee, seeks, inter alia, to enforce defendant's repurchase obligations with respect to certain of the loans held by the trusts. Section 2.03 (d) of the PSAs requires defendant, as Seller, to "promptly reimburse . . . the Trustee for any actual out-of-pocket expenses reasonably incurred by . . . the Trustee *in respect of enforcing the remedies for such breach*" (emphasis added).

The unmistakable intent of the parties to the PSAs is that enforcement expenses to be reimbursed include attorneys' fees incurred in bringing these actions. As the Second Department recognized in *Scheer v Kahn* (221 AD2d 515 [2d Dept 1995]), language requiring one party " 'to indemnify the other for all expenses incurred in leaving [sic] this agreement judicably enforced' . . . must include the expenses incurred in hiring an attorney" (*id.* at 517-518; *see also Breed, Abbott & Morgan v Hulko*, 139 AD2d 71 [1st Dept 1988], *affd* 74 NY2d 686 [1989]; *LaSalle Bank v Capco Am. Securitization Corp.*, 2005 WL 3046292, \*6, 2005 US Dist LEXIS 27781, \*19-20 [SD NY, Nov. 14, 2005, No. 02 CV 9916(RLC)]). Concur—Tom, J.P., Mazzarelli, Manzanet-Daniels, Kapnick and Kahn, JJ.