■ WILMINGTON TRUST COMPANY, Appellant, v MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS LLC et al., Respondents. [58 NYS3d 358]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered June 16, 2016, which, to the extent appealed from as limited by the briefs, upon defendants' motion to dismiss, granted dismissal of the third cause of action's indemnification claim as against defendant Morgan Stanley Credit Corporation (MSCC), and granted dismissal of the first cause of action's breach of contract claim based on the inclusion in the mortgage loan trust of interest-only and balloon loans, unanimously modified, on the law, to deny dismissal of the indemnification claim, and otherwise affirmed, without costs.

Plaintiff trustee sufficiently alleged a claim for indemnification under section 5 (c) of the Third Amended and Restated Master Mortgage Loan Purchase Agreement (MSCC Purchase Agreement). That section provides that MSCC, as Seller, "shall indemnify Purchaser and hold it harmless against any loss, damages, penalties, fines, forfeitures, legal fees and related costs, judgments, and other costs and expenses resulting from any claim, demand, defense or assertion based on or grounded upon, or resulting from, a breach of [MSCC's] representations and warranties contained in *Sections 5 (a)* and *5 (b)* hereof." The foregoing indemnification provision reflects the unmistakable intent that plaintiff may recover its legal expenses incurred in enforcing the representations and warranties contained in the MSCC Purchase Agreement, especially considering the placement of the indemnification provision (*see Hooper Assoc. v AGS Computers*, 74 NY2d 487, 492 [1989]; *see also U.S. Bank N.A. v DLJ Mtge. Capital, Inc.*, 140 AD3d 518 [1st Dept 2016]).

The inclusion in the trust of interest-only loans and balloon loans does not violate the terms of section 3.01 (u) of the Mortgage Loan Purchase Agreement (MLPA), which provides that mortgage loans must "amortize fully." Interest-only loans and balloon loans may be fully amortized over its life. As plaintiff concedes, there is no contractual obligation that the monthly payments be of equal amount. Moreover, the definition of amortization urged by plaintiff is not included in the MLPA and will not be read into the agreement by this Court (*Beardslee v Inflection Energy, LLC*, 25 NY3d 150, 157 [2015]). Finally, the prospectus supplement made clear that interest-only and balloon loans were included in the trust. Concur—Friedman, J.P., Renwick, Andrias, Moskowitz and Gesmer, JJ.