■ DEUTSCHE BANK NATIONAL TRUST COMPANY, Solely in its Capacity as Trustee of the EQUIFIRST LOAN SECURITIZATION TRUST 2007-1, Appellant, v EQUIFIRST CORPORATION et al., Respondents, et al., Defendant. [63 NYS3d 348]—

Order, Supreme Court, New York County (Marcy Friedman, J.), entered May 26, 2016, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss plaintiff's breach of contract claim against defendant Barclays Bank PLC insofar as it was based on Barclays' obligation to cure or repurchase loans affected by EquiFirst's breaches of representations and warranties and to dismiss plaintiff's claim seeking indemnification, including attorneys' fees, unanimously reversed, on the law, with costs, and the motion denied.

Plaintiff trustee sufficiently alleged a claim for indemnification. The indemnification provisions of the Mortgage Loan Purchase Agreement and the Pooling and Servicing Agreement reflect the unmistakable intent that plaintiff may recover its

legal expenses incurred in enforcing the representations and warranties at issue (*see Hooper Assoc. v AGS Computers*, 74 NY2d 487, 492 [1989]; *see also Wilmington Trust Co. v Morgan Stanley Mtge. Capital Holdings LLC*, 152 AD3d 421 [1st Dept 2017]; *U.S. Bank N.A. v DLJ Mtge. Capital, Inc.*, 140 AD3d 518 [1st Dept 2016]).

We find that the Representations and Warranties Agreement is ambiguous as to whether Barclays agreed to repurchase mortgage loans containing breaches of representations and warranties by EquiFirst, the originator of the loans. Therefore, dismissal of that portion of plaintiff's breach of contract claim based on Barclays' obligation to cure or repurchase loans affected by EquiFirst's breaches of representations should have been denied (*see e.g. Telerep, LLC v U.S. Intl. Media, LLC*, 74 AD3d 401, 402 [1st Dept 2010]). Concur—Tom, J.P., Manzanet-Daniels, Mazzarelli, Oing and Singh, JJ.