Nomura Asset Acceptance Corp. Alternative Loan Trust, Series 2006-S3, by HSBC Bank USA, Natl. Assn., as Trustee v Nomura Credit & Capital, Inc. (2018 NY Slip Op 08347)





Nomura Asset Acceptance Corp. Alternative Loan Trust, Series 2006-S3, by HSBC Bank USA, Natl. Assn., as Trustee v Nomura Credit & Capital, Inc.


2018 NY Slip Op 08347


Decided on December 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 6, 2018

Sweeny, J.P., Tom, Gesmer, Kern, Moulton, JJ.


652619/12 -653390/12 7292 7291 7290

[*1]Nomura Asset Acceptance Corporation Alternative Loan Trust, Series 2006-S3, by HSBC Bank USA, National Association, as Trustee, Plaintiff-Respondent-Appellant,
v
Nomura Credit & Capital, Inc., Defendant-Appellant-Respondent.
Nomura Asset Acceptance Corporation Alternative Loan Trust, Series 2006-S4, by HSBC Bank USA, National Association, as Trustee, Plaintiff-Respondent-Appellant,
v
Nomura Credit & Capital, Inc., Defendant-Appellant-Respondent.


Shearman & Sterling LLP, New York (Jeffrey D. Hoschander of counsel), for appellant-respondent.
McKool Smith, P.C., New York (Zachary W. Mazin of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered June 26, 2014, in index no. 653390/12 (Series 2006-S4), and order, same court and Justice, entered July 18, 2014, in index no. 652619/12 (Series 2006-S3), which, to the extent appealed from as limited by the briefs, granted defendant's motions to dismiss the claims alleging breach of § 8(xii) and (xiv) of the subject mortgage loan purchase agreements (MLPA), and denied the motions to dismiss the claims alleging breach of MLPA § 8(xxxiv), (xv), (xxxv) and (xxxvii) and section 2.03(b)(ix) of the subject pooling and service agreements (PSA), unanimously modified, on the law, to deny the motions to dismiss the claims alleging breach of MLPA § 8(xii) and (xiv), and otherwise affirmed, without costs.
While the court correctly sustained claims alleging breaches of the representations that the combined loan-to-value ratio (CLTV ratio) for each mortgage loan did not exceed 100%, and that none of the loans included in the trusts were classified as high-cost, it erred in dismissing the claims alleging breaches of representations regarding interest-only balloon loans and loans that were delinquent at the time the transaction closed, that plaintiff argues must be read to prohibit including such loans in the trusts.
CLTV representations: The court correctly determined that plaintiff sufficiently pleaded a breach of MLPA § 8(xxxiv), in which defendant represented that "[n]o Mortgage Loan had a combined loan-to-value ratio in excess of 100%" as of the closing of the mortgage loan purchase. This representation necessarily implied that the sum of the combined mortgage loan amounts for a property did not exceed the value of the mortgaged property. Defendant does not dispute that it [*2]used appraisals made at the time of mortgage loan origination in calculating the CLTV ratio. Defendant represented in MLPA § 8 (xxvii) that those appraisals met certain minimum standards, including satisfying the requirements of Fannie Mae and Freddie Mac. Plaintiff alleged in the complaints [FN1] that, throughout the industry at the relevant time, brokers and loan officers "pressured" appraisers to provide "predetermined results," which led to appraisals that did not satisfy the minimum requirements of Fannie Mae and Freddie Mac. Plaintiff further alleged that application of retrospective automated valuation model calculations to the appraisals used by defendant in calculating the CLTV ratio indicates that: (1) at least some of the appraised values were improperly inflated; (2) use of accurate appraisals that met the requirements of Fannie Mae and Freddie Mac would have resulted in lower appraised values for those properties; and (3) therefore, for at least some of the properties, the mortgage loan amounts exceeded the accurate value of the mortgaged properties. These allegations are sufficient to satisfy the pleading requirement for breach of the representation that the combined loan-to-value ratio for each loan did not exceed 100%.
High cost loan representations: Plaintiff alleges that predatory lending laws cap the maximum allowable rate for mortgage loans at 10% above the rate for treasury securities having comparable periods of maturity, that at least two loans in Trust Series 2006-S3 had rates more than 10% above the comparable treasury rate, and that loans exceeding the legally permissible rate at origination qualify as high cost loans. Defendant argues that the specific regulation cited in the complaints (12 CFR 226.32) does not apply to loans made to purchase a home. However, defendant does not dispute that some of the loans included in the trusts are subordinate lien mortgages, which are subject to the cited regulation. Accordingly, the complaint [FN2] adequately states claims for breach of the representations in MLPA §§ 8[xv], [xxxv] and [xxxvii] and PSA § 2.03[b][ix] that none of the loans are classified as high cost or covered under any applicable law or regulation.
Interest only balloon loans: The court erred in dismissing the claims alleging that defendant breached MLPA § 8(xiv) by including interest-only balloon loans in the trusts. MLPA § 8(xiv) explicitly permits the inclusion of both interest-only and balloon loans in the trusts, but is silent as to loans that include both a period of interest-only payments and a balloon payment at maturity. The trial court correctly found that MLPA § 8(xiv) does not prohibit loans that include both a period of interest-only payments and a balloon payment at maturity, provided that such loans comply with the MLPA's requirements for both interest-only and balloon loans [FN3]. However, it is possible that some of the hundreds of loans included in the trusts that plaintiff alleges are interest-only balloon loans fail to comply with the MLPA's requirements.
For example, MLPA § 8(xiv) requires that, following the interest-only period, "the [*3]remaining Monthly Payments shall be sufficient to fully amortize the original principal balance" of an interest-only loan. This language contemplates more than one payment towards the principal of an interest-only loan [FN4]. Therefore, an interest-only balloon loan would violate the MLPA's requirements if it were structured so that the original principal was repaid in one final lump sum. Accordingly, the motion court erred in holding that the complaints fail to state a cause of action by identifying loans in the trusts that are interest-only balloon loans. In view of the contractual language, the fact that the offering circular disclosed that interest-only balloon loans were included in the pools is irrelevant.
Delinquent status representation: The motion court also erred in dismissing the claims alleging that defendant breached MLPA § 8(xii) by including some number of loans that were in delinquent status at the time of the transaction closings. MLPA § 8(xii) warranties that
"[t]here is no material default, breach, violation
event or event of acceleration existing under the
Mortgage or the Mortgage Note and no event which, with
the passage of time or with notice and the expiration
of any grace or cure period, would constitute a material default, breach, violation or event of
acceleration. . . ."
It is unclear whether this language prohibits the securitization of loans that, at the time of closing, were not in default but were in a delinquent status and could enter into default "with the passage of time" if the delinquency were not cured. Plaintiff argues that, under PSA § 3.09[a][ii], a delinquent payment not remedied for 120 days constitutes a material default that allows the loan servicer to commence foreclosure proceedings or take other actions adverse to the interests of the trusts. Defendant contends that a delinquency does not constitute a default by the "passage of time" alone, but also requires that the borrower miss subsequent payments. Plaintiff contends that a single missed payment not remedied over 120 days could constitute a default, and that, in any event, a borrower's continued failure to make monthly payments is the absence of an action or event, so that, in effect, the passage of time alone can transform a delinquency into a default.
"A contract is unambiguous if the language it uses has a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion" (Greenfield v Philles Records, 98 NY2d 562, 569—570 [2002] [internal quotation marks omitted]). Since the contractual language at issue in this case is ambiguous, and there is no extrinsic evidence in the record that sheds light on the meaning of the provision, the claims based on alleged breaches of MLPA § 8(xii) should not have been dismissed at
this stage of the proceedings (see Almah LLC v AIG Empl. Servs., Inc., 157 AD3d 416, 416 [1st Dept 2018] ["(i)f a contract is ambiguous, the complaint(s) should not be dismissed pre-answer before the development of a full factual record as to the parties' intent'"]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 6, 2018
CLERK



Footnotes

Footnote 1:This appeal involves two cases with separate but substantially similar pleadings filed under separate index numbers, each of which involves a MLPA containing the same terms.

Footnote 2:Plaintiff only made this argument in the case filed under Index No. 652619/12, and has not raised it in the sister case.

Footnote 3: In particular, it is unclear from the record whether plaintiff argued to the motion court, as it does in its appellate reply brief, that the payments on interest-only loans after the interest-only period are required to be equal. To the extent that it did so, the motion court properly rejected that argument. The MPLA does not impose such a requirement, and we decline to read into it a contractual obligation that monthly mortgage loan payments be of equal amount (see Wilmington Trust Co. v Morgan Stanley Mtge. Capital Holdings LLC, 152 AD3d 421, 422 [1st Dept 2017]).

Footnote 4:The MLPAs at issue do not include the common boilerplate language to the effect that capitalized terms include the plural as well as the singular. Accordingly, the parties' use of the pluralized term "Monthly Payments" in reference to payments after the interest-only period expires requires that the loan repayment include multiple payments of principal. Indeed, plaintiff attached to its reply affirmation presented to the motion court a copy of a similar agreement in another case, MASTR Asset Backed Sec. Trust v WMC Mtge. Corp. (983 F Supp Ed 1104 [D Minn 2013], appeal dismissed 2017 WL 5178954 [8th Cir 2017] [No. 11-cv-02542]), which did include this language. Had the sophisticated parties in this case intended for the term "Monthly Payments" to include a loan in which all principal was paid in a single payment made after the interest-only payment ends, they could have so stated.