Konkur v Utica Academy of Science Charter Sch. (2020 NY Slip Op 01827)





Konkur v Utica Academy of Science Charter Sch.


2020 NY Slip Op 01827


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, WINSLOW, AND BANNISTER, JJ.


1258 CA 19-00730

[*1]ERSIN KONKUR, PLAINTIFF-RESPONDENT,
v
UTICA ACADEMY OF SCIENCE CHARTER SCHOOL, DEFENDANT, TURKISH CULTURAL CENTER AND HIGHWAY EDUCATION, INC., DEFENDANT-APPELLANT. 






EVANS FOX LLP, ROCHESTER (MATTHEW M. PISTON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
DAVID G. GOLDBAS, UTICA, FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Oneida County (David A. Murad, J.), entered October 17, 2018. The order, insofar as appealed from, denied in part the motion of defendant-appellant to dismiss the complaint against it. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion of High Way Education, Inc., doing business as Turkish Cultural Center, incorrectly sued herein as Turkish Cultural Center and Highway Education, Inc., is granted in its entirety and the complaint against that defendant is dismissed.
Memorandum: Plaintiff, a former teacher at defendant Utica Academy of Science Charter School (UASCS), commenced this action seeking to recover damages based upon allegations that there was a scheme between UASCS and defendant High Way Education, Inc., doing business as Turkish Cultural Center (High Way), incorrectly sued herein as Turkish Cultural Center and Highway Education, Inc., in which plaintiff was required to provide donations to High Way in the form of illegal kickbacks of his salary under threat of demotion or termination. In his third cause of action, plaintiff alleged that defendants' conduct violated Labor Law § 198-b, and plaintiff sought damages arising from that violation pursuant to Labor Law § 198. High Way appeals from an order that, inter alia, granted in part its motion to dismiss the complaint against it, and denied that part of its motion seeking to dismiss plaintiff's third cause of action against it. We reverse the order insofar as appealed from, grant the motion in its entirety, and dismiss the complaint against High Way.
Although we offer no opinion with respect to whether other provisions within article 6 of the Labor Law afford private rights of action, we agree with High Way that the legislature did not intend to create a private right of action for violations of Labor Law § 198-b (see Kloppel v HomeDeliveryLink, Inc., 2019 WL 6111523, *3 [WD NY, Nov. 18, 2019, No. 17-cv—6296-FPG-MJP]; Chan v Big Geyser, Inc., 2018 WL 4168967, *5-8 [SD NY, Aug. 30, 2018, No. 1:17-CV-06473(ALC)]; see also Stoganovic v Dinolfo, 92 AD2d 729, 729-730 [4th Dept 1983], affd 61 NY2d 812 [1984]), inasmuch as " [t]he [l]egislature specifically considered and expressly provided for enforcement mechanisms' in the statute itself" (Cruz v TD Bank, N.A., 22 NY3d 61, 71 [2013], quoting Mark G. v Sabol, 93 NY2d 710, 720 [1999]). Indeed, by its express terms, a violation of section 198-b constitutes a misdemeanor offense (see § 198-b [5]).
We therefore conclude that plaintiff may not assert a cause of action based upon an alleged violation of Labor Law § 198-b. Thus, Supreme Court erred in denying that part of High Way's motion seeking to dismiss plaintiff's third cause of action against it. In reaching that conclusion, we note that plaintiff's claim for damages pursuant to Labor Law § 198 in the third [*2]cause of action is based solely upon the alleged violation of section 198-b (see generally Gottlieb v Kenneth D. Laub & Co., 82 NY2d 457, 459 [1993], rearg denied 83 NY2d 801 [1994]).
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court